**STATE of Missouri, Respondent,**

v.

**Stephen M. STOKES, Appellant.**

**No. WD 44152.**

Missouri Court of Appeals,
Western District.

Sept. 3, 1991.

Thomas Winsor Koelling, Kansas City, for appellant.

James Walter Van Amburg, Platte City, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

PER CURIAM.

Appellant, Stephen M. Stokes, appeals the revocation of his driving privileges pursuant to § 577.505, RSMo Supp.1990. We affirm.

On August 10, 1990, the appellant was issued three uniform traffic tickets for possession of marijuana, possession of drug paraphernalia, and driving while intoxicated. Based on two of these uniform traffic tickets, the respondent, State of Missouri, filed a two-count information on September 12, 1990, charging appellant with possession of marijuana, in violation of § 195.202.3, RSMo Supp.1990, and possession with intent to use drug paraphernalia, in violation of § 195.233, RSMo Supp.1990.

On November 7, 1990, appellant, represented by counsel, entered a plea of guilty to count I and count II (drug related charges) and, pursuant to a plea agreement, received a suspended imposition of sentence and was placed on two years probation. On that same day, appellant also entered a plea of guilty to driving while intoxicated and, pursuant to a plea agreement, received a suspended imposition of sentence and was placed on probation for two years. The probation in the driving while intoxicated case was ordered to run concurrent with the probation in the drug related case.

On November 19, 1990, the court entered an order pursuant to § 577.505, RSMo Supp.1990, wherein the court found appellant had entered a plea of guilty to possession of marijuana, a controlled substance, in violation of § 195.202.3, RSMo Supp. 1990, and that appellant was operating a motor vehicle when said offense occurred and revoked appellant's driving privileges. Appellant filed a motion to stay execution of said order on November 20, 1990. Appellant's motion for stay of execution was heard and denied on November 28, 1990. The order revoking appellant's driving privileges should be affirmed for two reasons.

First, in order to revoke a driver's license under § 577.505, the court must determine two issues: (1) whether the person pleaded guilty to or was found guilty of possession of a controlled substance; and (2) whether the offense occurred while that person was operating a motor vehicle.

Under § 577.505, the criminal charge must be disposed of prior to the determination of whether the offense occurred while operating a motor vehicle. "Operation of a motor vehicle" is not an element of the charge of possession of marijuana and does not need to be included in the charge. § 195.202, RSMo Supp.1990; Supreme Court Rule 23.01.

After the court determines that the defendant pleaded guilty or was found guilty and that the offense occurred while operating a motor vehicle, the court is mandated to revoke the driving privilege. § 577.505, RSMo Supp.1990.

On November 8, 1990, appellant pleaded guilty to driving while intoxicated and possession of marijuana. Both charges arose out of the same arrest on August 10, 1990. Under § 577.505, the court was required to determine whether appellant was in possession of marijuana, in violation of Chapter 195, and whether the offense occurred while operating a motor vehicle. Because appellant admitted both of those elements in his pleas of

guilty, the court was correct in revoking the driving privileges of appellant under § 577.505, RSMo Supp.1990.

■ The second reason for affirming the trial court's revocation of appellant's driving privileges is that, contrary to appellant's argument, § 577.505 is a civil, and not criminal, penalty imposed by law. *See James v. Director of Revenue*, 767 S.W.2d 604, 612 (Mo.App.1989) (holding that judicial review of an administrative suspension or revocation of a license for driving while intoxicated under §§ 302.500–302.540, RSMo 1986, was a civil proceeding); *Green v. Director of Revenue*, 745 S.W.2d 818, 820 (Mo.App.1988) (holding that judicial review of a suspension under § 577.041.2, based on a refusal to take a breathalyzer test, is a civil proceeding). Appellant argues that the revocation of his driving privileges was defective because the criminal information charging him with possession of marijuana did not state that the offense occurred during "operation of a motor vehicle." However, because revocation pursuant to § 577.505 is a separate civil penalty, the "operation of a motor vehicle" does not need to be included in the charge of possession of marijuana, in violation of Chapter 195, RSMo Supp.1990. This is dispositive of appellant's argument.

The grant of a license to drive is an exercise of the police power of the state and is subject to suspension or revocation as the law may provide. *White v. King*, 700 S.W.2d 152, 155 (Mo.App.1985). For the aforesaid reasons, we believe that the revocation entered in this case under § 577.505 is civil in nature and, therefore, no enhancement of the criminal charge occurred. Because no additional criminal penalty was involved, the issue of "operation of a motor vehicle" did not have to be included in the charge of possession of marijuana. Therefore, the court did not err in revoking the driving privileges of appellant.

All concur.