**STATE ex rel. Rance Ken LEE, Relator,**

**v.**

**Honorable David E. BAILEY, Judge of the Associate Circuit Court of Henry County, Missouri at Clinton, Missouri, Respondent.**

**No. WD 44835.**

Missouri Court of Appeals, Western District.

Oct. 22, 1991.

Donald L. Crow, Lauri J. Laughland, Kansas City, for relator.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and FENNER, JJ.

LOWENSTEIN, Chief Judge.

On this action in mandamus the court issued a preliminary rule. The facts are as follows: the relator is under 21 years old. In November 1990, after having been in an accident in Henry County he was issued a complaint by the highway patrol for the misdemeanor careless and imprudent driving. Later the same day the trooper issued an additional complaint against Lee for minor in possession of intoxicating liquor. Lee pleaded guilty to both charges in the respondent Bailey's court pursuant to an agreement with the prosecutor which called for a $250 fine and six month concurrent sentences, which were suspended, with two years probation. Without a record being made, the court accepted the pleas and meted out punishment which conformed to the agreement. It then added, "[s]end license to state Department of Revenue it is revoked under statute." The statute in question is § 577.500.1, RSMo Supp.1990, which reads in pertinent part:

1. A court of competent jurisdiction shall, upon a plea of guilty, conviction or finding of guilty, or, if the court is a juvenile court, upon a finding of fact that the offense was committed by a juvenile, enter an order revoking the driving privileges of any person determined to have committed one of the following offenses and who, at the time said offense was committed, was under twenty-one years of age:

(1) Any alcohol related traffic offense in violation of the laws of this state;

(2) Any offense in violation of the laws of this state involving the possession or use of alcohol, committed while operating a motor vehicle;

It is from the court's revocation of Lee's drivers permit under this statute known as the "Abuse and Lose" law that led to this attempt, via a writ, to have that portion of the judgment set aside.

Several variables put this whole matter in an unusual posture. 1) The respondent is an associate circuit judge; 2) no record was made of the misdemeanor guilty pleas; 3) there are only docket sheets showing court action; and, 4) after denial of reconsideration should Lee have filed a direct appeal to this court to set aside the guilty pleas or is the remedy utilized, a writ, appropriate?

■ Although the facts here raise potentially interesting issues as to choice of remedy, the court chooses to fashion this decision on the unique facts of the case as presented. Had, as the respondent suggests, Lee been limited to the filing of a direct appeal, § 543.335 would have been controlling. It reads:

In any case tried with a jury before an associate circuit judge or on assignment under procedures applicable before circuit judges, or *in any misdemeanor case* or county ordinance violation case, *a record shall be kept* and any *person aggrieved* by a judgment rendered in any such case *may have an appeal upon that record* to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by utilization of electronic, magnetic, or mechanical sound or video recording devices. Whenever an appeal is taken in a

case recorded by means other than a court reporter, the clerk of the court or division in control thereof shall forward the tape or record or whatever device used therefor to the clerk of the supreme court or to the clerk of the court of appeals wherein the appeal is lodged. The supreme court and the court of appeals shall arrange for the written transcript of the testimony so preserved under rules and procedures promulgated by the supreme court. (Emphasis added.)

An appeal would have been to no avail since no record was made of the court proceedings. *Couch v. Director, State DFS*, 795 S.W.2d 91, 94 (Mo.App.1990). Although it seems logical to assume the trooper discovered the liquor in the car Lee was driving, thus satisfying part (2) of § 577.500.1, there is no record reference one way or another. *See State v. Henderson*, 750 S.W.2d 507, 513–14 (Mo. App.1988). It would be unfair to now penalize Lee for not having sought a remedy by direct appeal.

■ There is nothing in the law to require advance notice by the court to a defendant in plea negotiations of an intent to seek a penalty under the "Abuse and Lose" law. But the court decides under this procedural posture the equitable thing to do is set aside the entire judgment and allow Lee to withdraw the pleas, then, with a record being fleshed out on trial or at a plea hearing, the court could make the required determination of whether the offense of illegal liquor possession occurred while operating a motor vehicle. *State v. Stokes*, 814 S.W.2d 702, 703 (Mo.App.1991).

*Stokes, supra,* defines the revocation in § 577.505, (the corollary to § 577.500) as a civil and not a criminal exercise of the police power of the state regulating the operation of motor vehicles. *Id.* at 704. Despite this denomination as civil, the court under § 577.500 must still make a finding.

The writ is made absolute. The court is decreed to vacate the judgment upon the plea of guilty. Upon retrial or plea hearing the court may, with support in the record, then impose a revocation under § 577.500.