STATE of Missouri, Respondent,

v.

Christopher Todd REHM, Appellant.

No. 59189.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 7, 1992.

Michael A. Gross, St. Louis, for appellant.

William L. Webster, Atty. Gen., Sandra A. Mears, Sp. Asst. Atty. Gen., Jefferson City, John J. Duepner, Jr., Asst. Pros. Atty., Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Christopher Rehm, appeals from a final order of the Circuit Court of St. Louis County revoking appellant's driving privileges pursuant to RSMo § 577.500 (1987). We affirm.

On May 27, 1988, appellant received a Missouri uniform traffic ticket charging him with operating a motor vehicle while intoxicated in violation of RSMo § 577.010 (1986). A hearing was held on the charge on May 18, 1989. At the close of the evidence on the driving while intoxicated charge, the State filed a "suggestion of applicability of abuse and lose law," alleging that appellant was under the age of 21 at the time of the offense and, therefore, pursuant to the abuse and lose law, RSMo § 577.500, the court was required to revoke appellant's license if it found appellant guilty of the driving while intoxicated charge.

On June 7, 1990, the court found appellant guilty of driving while intoxicated. The court then continued the case for sentencing and for a hearing on the applicability of the abuse and lose law. On July 19, 1990, the court heard arguments on the applicability of the abuse and lose law and, on September 21, 1990, the court fined appellant $50.00, sentenced appellant to two years probation and, applying the abuse and lose law, ordered appellant's driving license revoked. This appeal followed.

Appellant first claims that the trial court erred in applying the abuse and lose law because the information charging him with driving while intoxicated failed to allege either that appellant was a minor or that the abuse and lose law applied. We disagree.

RSMo § 577.500 provides, in pertinent part:

**577.500. Revocation of driving privileges, persons under twenty-one years of age—violations of certain state laws—surrender of licenses—court shall forward order to department of revenue**

1. A court of competent jurisdiction shall, upon a plea of guilty, conviction or finding of guilt, or, if the court is a juvenile court, upon a finding of fact that the offense was committed by a juvenile, enter an order revoking the driving privileges of any person determined to have committed one of the following offenses and who, at the time said offense was committed, was under twenty-one years of age:

(1) Any alcohol related traffic offense in violation of the laws of this state;

It has long been held that the administrative revocation of a driver's license is a matter separate from any attendant criminal charge. *James v. Dir. of Rev.*, 767 S.W.2d 604, 612 (Mo.App., S.D.1989); *Green v. Dir. of Rev.*, 745 S.W.2d 818, 820 (Mo.App., W.D.1988). Such revocations are deemed to be civil, rather than criminal penalties imposed by law. *Id.*

In the recent case of *State v. Stokes*, 814 S.W.2d 702 (Mo.App., W.D. 1991), the Western District of this court considered a question similar to the one presented here. In *Stokes*, the defendant was charged with possession of marijuana, possession of drug paraphernalia and driving while intoxicated. *Stokes*, at 703. Following his conviction on these charges, the court entered an order pursuant to RSMo § 577.505 (Supp.1990), finding that appellant had operated a motor vehicle while said offenses occurred and revoking defendant's driving privileges. *Id.* at 703.

On appeal, defendant claimed, *inter alia*, that the charge was defective because the charge did not state that the offense oc-

curred during "operation of a motor vehicle." *Id.* at 704. The Western District rejected the defendant's argument, "because revocation pursuant to § 577.505 is a separate civil penalty, the 'operation of a motor vehicle' does not need to be included in the charge of possession of marijuana." *Id.*

We note that there are many similarities between RSMo § 577.505 and RSMo § 577.-500. While RSMo § 577.500 may be somewhat broader than RSMo § 577.505 in its listing of offenses mandating revocation of a defendant's driver's license, we find the main distinction between the statutes to be merely one of the legal status of the offender; RSMo § 577.500 applying to those under twenty-one and RSMo § 577.505 applying to those over twenty-one. There is no distinction that can be reasonably drawn that would require this court to find that the *Stokes* decision does not apply with equal force to cases involving RSMo § 577.-500. The age of the appellant was not required to be stated in the information charging appellant with driving while intoxicated for the abuse and lose law to be applied. Point denied.

■ Appellant next contends that he was denied due process because he was not given timely notice of the charge against him and an adequate opportunity to prepare to defend himself. We disagree.

Appellant's argument, again, depends largely upon this court deeming RSMo § 577.500 to be a criminal penalty and, therefore, most of appellant's arguments are of no value to him here. We note, however, that appellant was notified more than one year prior to the hearing on the applicability of the abuse and lose law that he was subject to the abuse and lose law. The appellant then had a full year to discover evidence in opposition to the imposition of the abuse and lose law or to research theories of constitutional infirmity. Following this one year period, appellant was provided with a hearing to determine the applicability of the abuse and lose law and was afforded the opportunity to argue his case. We cannot see how appellant was denied due process.

■ Appellant finally contends that the separate punishment under the abuse and lose law constitutes double jeopardy. As this court has held that the revocation of appellant's license constituted a civil penalty, the principles of double jeopardy do not apply.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.