**STATE of Missouri,
Plaintiff/Respondent,**

**v.**

**Michael D. HANNERS,
Defendant/Appellant.**

No. 60234.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 7, 1992.

Albert C. Lowes, David J. Roth, Lowes & Drusch, Cape Girardeau, for defendant/appellant.

Bob James Owen, Pros. Atty., Jackson, for plaintiff/respondent.

CRANE, Judge.

Defendant, Michael Hanners, was found guilty in a bench tried case of possession of intoxicating liquor by a minor, a Class A misdemeanor, in violation of § 311.325 RSMo 1986. The trial court gave him a suspended imposition of sentence and ordered his driving privileges revoked for one year pursuant to § 577.500 RSMo (Supp. 1988). He appeals from both of these orders. We dismiss the appeal from the conviction of possession of liquor because it is not a final appealable order. We affirm the order revoking driving privileges.

Defendant, who was under 21, was stopped for careless and imprudent driving. The police officer who made the stop noticed an odor of alcohol on his breath and searched the vehicle. The officer found two coolers containing beer in the trunk and gave him a citation for possession of intoxicating liquor by a minor. Defendant was subsequently charged by information with possession of intoxicating liquor by a minor. Defendant filed a motion to suppress the beer and his statements, claiming that he had not given his consent to search

the auto or been read his rights under *Miranda.* After a hearing, the trial court overruled the motion. The parties then stipulated that the court could rule on the merits and enter a finding of guilty or not guilty from the transcript of the hearing on the motion to suppress. The trial court found defendant guilty. On May 16, the trial court gave defendant a suspended imposition of sentence and placed him on two years unsupervised probation. The trial court also entered an order revoking defendant's driving privilege pursuant to § 577.-500. Defendant appeals from both of these actions of the trial court.

■ Defendant appeals from his conviction of possession on the grounds that the court erred in not suppressing the evidence of the intoxicating liquor or defendant's statements to the police officer in the course of the stop. A defendant may not appeal from conviction where there is a suspended imposition of sentence, because a suspended imposition of sentence is not a final appealable judgment. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984); *State v. Sandbothe,* 750 S.W.2d 664, 665–66 (Mo.App.1988). We accordingly dismiss the appeal from the conviction.

Defendant also appeals from the order revoking his driving privileges pursuant to § 577.500 which is a separate civil penalty. *State v. Stokes,* 814 S.W.2d 702, 704 (Mo. App.1991). Section 577.500 provides that, upon a plea of guilty or a conviction or finding of guilt, a court shall suspend or revoke the driving privileges of a minor who is determined to have committed one of a list of enumerated offenses including:

(1) Any alcohol related traffic offense in violation of the laws of this state;

(2) Any offense in violation of the laws of this state involving the possession or use of alcohol, committed while operating a motor vehicle;

§ 577.500.1(1) and (2).

The trial court, using a preprinted form, made the finding that defendant committed an alcohol related traffic offense, by placing a checkmark by the first option on the form. Both parties agree that defendant did not commit an alcohol related traffic offense. The state argues that the evidence does support a finding that defendant committed an offense involving the possession of alcohol, committed while driving a motor vehicle, which is the second option on the form (§ 577.500.1(2)) and the trial court made an inadvertent mistake in checking the wrong finding.

Section 577.500 requires the trial judge to suspend or revoke the driving privileges of a minor upon a finding of guilt of one of a number of specific crimes. It is undisputed and a matter of record that defendant was found guilty of an offense in violation of state law involving possession of alcohol, an offense covered by § 577.-500.1(2). Thus the court was required to suspend or revoke defendant's driving privileges if it further determined that this offense was committed while defendant was operating a motor vehicle. *Stokes,* 814 S.W.2d at 703. The charge of possession does not include, and need not include for the purposes of this statute, operating a motor vehicle as an element. *Id.* The uncontroverted evidence was that defendant was operating a motor vehicle when he was stopped and the alcohol was in the trunk of that automobile. Thus the record and the uncontroverted evidence supports the trial court's order but not the erroneous finding made by the trial court underlying that order.

■ Defendant argues that we must defer to trial court's findings. However, such deference is only required where the evidence is contested. Where the evidence is not controverted and the case is virtually one of admitted facts or where the evidence is not in conflict, no such deference is required. *Southgate Bank & Trust Co. v. May,* 696 S.W.2d 515, 519 (Mo.App.1985). In this case there was no conflict over any of the facts necessary to support suspension or revocation under § 577.500. The conviction was a matter of record, all witnesses, including defendant, testified he was driving at the time of the stop and that there was beer in the trunk of the car, and the parties stipulated that the beverages in the trunk of the car were intoxicating liquor. Thus on appeal we are not bound by

the erroneous determination by the trial court that defendant had committed the offense described in § 577.500.1(1) when the uncontroverted evidence demonstrates he had committed the offense under the conditions described in § 577.500.1(2).

In a court tried case, the decree will be sustained if the result is correct even if it is based on an erroneous finding and even if the decree contains erroneous legal or factual reasons for the result reached. *Wilson v. City of Waynesville*, 615 S.W.2d 640, 643 (Mo.App.1981); *Kenilworth Ins. Co. v. Cole*, 587 S.W.2d 93, 96 (Mo.App. 1979). The record and the evidence conclusively show that the offense described in § 577.500.1(2) occurred under the conditions described. Revocation or suspension under § 577.500 is thereby compelled.

The trial court's order of revocation under § 577.500 is affirmed. The appeal from the conviction of possession of liquor by a minor is dismissed.

SIMON, P.J., and CRANDALL, J., concur.