Rickey L. SPROUSE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 45474.

Missouri Court of Appeals,
Western District.

Aug. 18, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1992.

Application to Transfer Denied
Nov. 24, 1992.

William L. Webster, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, for appellant.

Mary Ann Drape, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and SMART, JJ.

LOWENSTEIN, Chief Judge.

The appellant, Director of Revenue, revoked Rickey L. Sprouse's driver's license for a year for refusing to submit to a chemical test under § 577.041.1, RSMo 1986. Sprouse filed an application for hearing in circuit court pursuant to § 577.-041.2. Only the Director put on evidence. The court found, "the issues specified in Section 577.041(3) R.S.Mo. not to be in the affirmative," and ordered the license reinstated. The facts and trial court's disposition here are similar to those in *Hedrick v. Director of Revenue*, No. WD 45436 (Aug. 4, 1992, Mo.App.).

Napper testified she was driving in the left lane on I-435 when Sprouse's car hit the right side of her car, "pretty much a direct hit from his front end." Afterward Napper said Sprouse crossed the highway to see if she was hurt. She, "noticed that he had been drinking right then and there," by the way Sprouse slurred his speech. Although Napper had never spoken with Sprouse before and did not know his normal speech pattern, she testified that she had worked in a bar, and she was "used to it."

Kansas City Police Officer Barbara Reiley responded to the accident scene. When she approached Sprouse he was leaning against the vehicle. She noticed a moderate odor of alcohol on him. His eyes were red, bloodshot, and pupils contracted. In her report, Officer Reiley checked that Sprouse's balance, walking, and turning were all fair and that he was neat, polite, and his ability to follow instructions was good. Officer Reiley's partner, Officer Steven Sandusky, did field sobriety tests on Sprouse, after which he was arrested. Reiley testified to giving Sprouse the *Miranda* warning, a copy of the signed waiver was admitted in evidence.

Sandusky testified he also smelled an odor of alcohol on Sprouse. Sprouse seemed "overly concerned" about the situation, and he stood with a broad stance and kept his feet planted. Sandusky testified that Sprouse stood still well and was not shaky, however, after some questioning, the officer administered field sobriety tests to Sprouse.

Sprouse was unable to touch his heel to toe, and when he did, he would fall off balance. The officer testified that Sprouse had a very difficult time with fine motor coordination, and that he had to stop trying that test because he was afraid Sprouse would fall. The officer also asked Sprouse to stand on one leg while he counted to thirty, but he was also unable to do that without losing his balance. The officer testified that he administered these tests within a half-hour of the accident.

Sandusky informed Sprouse he was under arrest for driving under the influence, and that he would have to go to the station with the officers. Reiley testified that she read Sprouse his *Miranda* rights on the way to the station, and that he said he understood those rights. At the station, she went over the Implied Consent Law with him, and he signed a "DUI Miranda Waiver" which warned him that "my driver (sic) license may be revoked for failure to take the test," but Sprouse refused to take a blood alcohol content (BAC) test.

Section 577.041.2, RSMo states:

At the hearing, the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

Section 577.041.3. reads: "If the judge determines any one of the issues not to be in

the affirmative, he shall order the Director to reinstate the license or permit to drive." Because the trial court did not make any written findings in this case, the court must examine each issue listed in § 577.041.2 to determine whether any could be found, "not in the affirmative."

### (1) Arrest

It is clear from the testimony of both officers and from the DUI waiver form placed in evidence by Sprouse, that Sprouse was arrested for driving under the influence at the roadside after Officer Sandusky administered the field sobriety tests. It is without contradiction he was placed under arrest. Sprouse was told he was under arrest for DUI, was transported to the police station by the officers, read his *Miranda* rights, and informed of the implied consent law. *State v. Ikerman*, 698 S.W.2d 902, 906 (Mo.App.1985). The totality of circumstances shows that Sprouse was under arrest. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 630 (Mo.App. 1991). The Director had met the prima facie burden of showing that the person was arrested, under § 577.041.2(1).

### (2) Reasonable Grounds of Officer's Belief

■ Section 577.041.2(2) requires a showing that the arresting officer had reasonable ground to believe that the person was driving a motor vehicle while in an intoxicated condition.

The issue is whether, at the time of the arrest, the officer was possessed of facts that would justify a person of reasonable caution to form a belief that the offense had been committed, although he may not have all the information concerning the offense at the time. *Howard v. McNeill*, 716 S.W.2d 912, 915 (Mo.App.1986). The uncontradicted evidence of the other driver and the officers was Sprouse exhibited signs of being intoxicated just after the accident. The Director made a sufficient case under § 577.041.2(2).

### (3) Refusal to Take Test

■ Section 577.041.2(3) compels a finding that the person refused to submit to the test after being properly requested to do so.

It was clear from the uncontradicted testimony of both officers that Sprouse was told at the scene that he was under arrest for driving under the influence. The waiver signed by Sprouse, *supra*, and in evidence stated: "I have been told that I must make my own decision whether or not to take a chemical test to determine the alcohol content of my blood." Sprouse was informed of the reason for taking the test, *i.e.*, to determine the alcohol content of his blood after being arrested for driving under the influence. *Corum v. McNeill*, 716 S.W.2d 915, 917 (Mo.App.1986).

Deference to the trial court's findings, "is only required where the evidence is contested, and ... the evidence is not in conflict." *State v. Hanners*, 827 S.W.2d 273, 274 (Mo.App.1992).

As stated in *Hedrick, supra* at pages 4 and 5 of the slip opinion:

Under the standard of review of Rule 73.01, the facts on appeal are to be considered as being in accord with the result. *In Re Marriage of Fry*, 827 S.W.2d 772, 773 (Mo.App.1992). However, there was utterly no evidence to support the trial court's judgment. The order was not supported by any evidence, and this court reverses with the firm conviction that the judgment was incorrect. *Murphy v. Carron*, 536 S.W.2d 30, 32, (Mo. banc 1976).

In *Thurman v. Director of Revenue*, 745 S.W.2d 260, 262 (Mo.App.1988), the appellate court remanded for findings under a similar factual scenario in a reinstatement case. That is unnecessary here, since there was no evidence in this case to defeat any of the elements for which the director bore the burden. *See Aron v. Director of Revenue*, 737 S.W.2d 718, 719–20 (Mo. banc 1987).

The judgment is reversed and remanded for entry of an order sustaining the revocation.

All concur.