**Thomas Lee HAWKINS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 75822.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Thomas A. Burke, St. Charles, for respondent.

PAUL J. SIMON, Judge.

The Director of Revenue (Director) appeals from the judgment of the circuit court reinstating the driving privileges of Thomas Lee Hawkins (Driver). We reverse and remand.

Director suspended Driver's driving privileges pursuant to section 577.041, RSMo Cum.Supp.1998, after Driver refused a breathalyzer test. Driver filed a petition for review with the circuit court. On January 19, 1999, Driver's petition was submitted to the court on the record and no hearing was held. The record consisted of a certified copy of the Department of Revenue records, which included the Alcohol Influence Report, notice of revocation and Driver's Missouri Driver Record. Driver offered no records or testimony.

The Department of Revenue records were certified by the custodian of records pursuant to section 302.312, RSMo Cum. Supp.1998. Officer Steve Davis prepared the Alcohol Influence Report and attached

supplemental report. In that report, Officer Davis indicated that on October 16, 1998, at about 11:46 p.m., he saw Driver operating a Chevy truck westbound on Highway 40 in St. Charles County at Prospect. Davis observed the truck cross the solid white line three times by about two feet. He pulled Driver over. While speaking with him, Davis could smell a strong odor of alcoholic beverage on his breath. He also noted that Driver's eyes were watery and bloodshot and his pupils had a poor reaction to light. Driver also swayed while he walked and his speech was slurred. Davis requested that Driver submit to field sobriety tests, but he refused. Davis then arrested Driver for driving while intoxicated.

Davis advised Driver of his Miranda rights. Afterward, Driver admitted he had been drinking and had consumed about six beers. Davis then informed Driver of the Missouri Implied Consent Law, including that: (1) he was under arrest for DWI; (2) Davis was requesting a breathalyzer test to determine his blood alcohol content; and (3) if Driver refused the test, his driver's license would be immediately revoked for one year. At that time, Driver refused to submit to a breathalyzer test.

After the case was submitted, the circuit court issued a judgment finding in favor of Driver. The court issued neither findings of fact nor conclusions of law, thus providing no reasons for its decision. Director now appeals from this judgment.

On appeal, Director contends the circuit court erred in reinstating Driver's driving privileges because the court misinterpreted the law and its decision is against the weight of the evidence. Director argues that it proved a prima facie case supporting the revocation of Driver's driving privileges, while Driver offered no rebuttal evidence.

■■■ Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Therefore, the decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* At a court hearing to review the license revocation, the director has the burden of proof. *McMaster v. Lohman*, 941 S.W.2d 813, 815–16 (Mo.App. 1997).

■■■ In a proceeding under section 577.041, the trial court is to determine (1) whether the person was arrested, (2) whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and (3) whether the person refused to submit to the test. *Harder v. Director of Revenue*, 969 S.W.2d 340, 341 (Mo.App. E.D.1998). "Reasonable grounds" is virtually synonymous with probable cause. *Baptist v. Lohman*, 971 S.W.2d 366, 368 (Mo.App. E.D. 1998). In determining whether there are reasonable grounds, the court must evaluate the situation from the viewpoint of a cautious, trained and prudent police officer at the time of the arrest. *Id.*

■■■ Here, Director satisfied its prima facie burden of proof supporting revocation of Driver's license. The record shows that Driver was arrested for driving while intoxicated. In addition, Director showed the officer had reasonable grounds to arrest Driver for driving while intoxicated. The officer saw Driver weaving over the solid white line three times by about two feet. Davis smelled a strong odor of alcoholic beverage on Driver's breath. He also noted that Driver's eyes were watery and bloodshot and his pupils had a poor reaction to light. Driver also swayed while he walked and his speech was slurred. Driver refused to submit to any field sobriety tests. In addition, Driver admitted that he had drunk a six pack of beer.

Based on the officer's findings, Director showed the arresting officer had reasonable grounds to believe Driver was driving while intoxicated. Driver offered no evidence rebutting nor objected to the admission of the Director's evidence. Therefore,

the weight of the evidence shows the officer had reasonable grounds to believe Driver was driving while intoxicated, even though no field sobriety tests were conducted due to Driver's refusal. *See, Chancellor v. Lohman,* 984 S.W.2d 857, 858 (Mo.App. W.D.1998) (field sobriety tests are not mandatory and only supplement officer's other observations). Here, the officer's observations and Driver's own statements provided reasonable grounds to support the officer's belief that Driver had been driving while intoxicated. Also, the supplemental report, which was typed, contains the following handwritten words: "stormy windy night 30 mph winds." There is no indication who actually wrote this on the report prepared by the arresting officer. In any event, this language does not change the result in this case. Here, Driver admitted he had been drinking that night and had drunk a six-pack of beer. In addition, the same report showed that Driver refused to submit to the breathalyzer test after being informed of his Miranda warnings and the Missouri Implied Consent Law. Again, Driver offered no evidence to rebut the Director's prima facie showing.

Driver has filed no respondent's brief with this Court. While there is no requirement that a respondent file a brief, Driver's failure leaves us without the benefit of his argument, if any, to support the trial court's decision. The trial court issued no findings of fact and gave no reason for its decision. Our review of the trial court's judgment shows that it is not supported by substantial evidence and is against the weight of the evidence. Consequently, we reverse and remand the cause, directing the circuit court to reinstate Director's order of revocation.

Reversed and remanded.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.