Jason Edward **SCHULTE**, Respondent,

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI**, Appellant.

No. ED 78889.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 25, 2001.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Elena M. Vega, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Leland C. Smith, II, St. Charles, MO, for respondent.

ROBERT G. DOWD, Jr., Judge.

The Director of Revenue (Director) appeals from the judgment of the circuit court reinstating Jason Edward Schulte's (Driver) driving privileges. Director argues the circuit court erred in setting aside the suspension of Driver's driving privileges because the arresting officer had probable cause to arrest Driver for driving while intoxicated. Because we find that the arresting officer had probable cause to arrest Driver for driving while intoxicated, we reverse and remand.

On November 16, 1999 at 1:19 a.m., Officer Gilliam stopped a vehicle driven by Driver after observing Driver's vehicle weave into the bicycle path three times and cross the centerline twice. Officer Gilliam observed that Driver's eyes were watery, bloodshot, and glassy and that his pupils reacted poorly to light. After detecting a strong odor of alcohol on Driver's breath, Officer Gilliam requested that Driver submit to field sobriety tests.

Driver failed the walk and turn test, the one leg stand test, and the gaze nystagmus test. Driver was placed under arrest, handcuffed, and placed in Officer Gilliam's patrol car.

Driver consented to a breathalyzer test, which showed he had a blood alcohol content of .112 percent. Driver was charged with driving while intoxicated, Lake St. Louis ordinance 76.140; and failure to maintain a single lane, Lake St. Louis ordinance 76.304.015. Director suspended Driver's driving privileges pursuant to Sections 577.010 and 304.015, RSMo 2000. Driver filed a petition for de novo review in the circuit court pursuant to Section 302.535, RSMo 2000.

At the trial, Director submitted the case on the Department of Revenue records. These records included the Alcohol Influence Report (AIR) and the maintenance report with attachments. When the records were offered, Driver objected to their admission for insufficient foundation because there was "nothing in the record indicating that [Officer] Gilliam is authorized with a Type III permit to use [the BAC Verifier] and that the AIR was insufficient to establish the field sobriety tests as credible evidence to establish probable cause." The court overruled Driver's objections and received Director's records into evidence. The circuit court took judicial notice of the Missouri Department of Health regulations, and Lake St. Louis ordinance 76.140 was received into evidence as one of Director's exhibits.

Driver offered the following evidence at trial. Driver testified that he could not remember who exactly gave him instructions and that more than one officer gave him instructions for the field sobriety tests. Driver also testified that two or more officers were present when he was placed under arrest. Driver further stated he was left unattended in the police car after he was placed under arrest while Officer Gilliam searched his vehicle. Driver further testified he was left unattended with the door open at the police station. According to Driver's testimony, the breath test was administered two or three minutes after the officer returned to the room. Driver stated that Officer Gilliam had him blow a second and third time without resetting the instrument. Driver admitted that he did not smoke, vomit, or place anything into or take anything out of his mouth while he was in the police car or at the police station.

The circuit court found that the arresting officer did not have probable cause to arrest Driver for driving while intoxicated or an alcohol related traffic offense. The circuit court made no determination regarding whether Driver had a blood alcohol content of .10 percent or more by weight. The circuit court ordered the suspension removed from Driver's driving record and reinstated his driving privileges. Director now appeals.

On appeal, Director contends the circuit court erred in reinstating Driver's driving privileges because the court misapplied the law and its decision is against the weight of the evidence. Director argues the evidence in the record shows the arresting officer had probable cause to arrest Driver for driving while intoxicated.

■ Our review of the circuit court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, the decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

■ To prove a prima facie case under Section 302.353, RSMo 2000, Director must show, by a preponderance of the evidence, that (1) the person was arrested

upon probable cause for driving while intoxicated or for violating an alcohol related-offense; and (2) at the time of the arrest, the person had a blood alcohol content of at least .10 percent by weight. *Booth v. Director of Revenue, State of Mo.*, 34 S.W.3d 221, 223 (Mo.App. E.D.2000). After Director proves its prima facie case, the burden then shifts to Driver to rebut Director's case by a preponderance of the evidence. *Id.*

▮ Probable cause for arrest exists when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App. W.D.1992). A decision on whether an officer had probable cause to make an arrest must be made by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer. *Cox v. Director of Revenue, State of Mo.*, 37 S.W.3d 304, 307 (Mo.App. S.D. 2000). In examining the existence of probable cause, courts consider the information possessed by the officer before the arrest and the reasonable inferences drawn therefrom. *Wilcox*, 842 S.W.2d at 243.

Here, the evidence presented probable cause for Officer Gilliam to arrest Driver for driving while intoxicated. Officer Gilliam observed Driver weaving his vehicle from the centerline across to the bicycle path. Officer Gilliam observed the vehicle cross into the bicycle path three times and cross over the centerline two times. Officer Gilliam observed Driver's eyes were watery, bloodshot, and glassy and that his pupils reacted poorly to light. Officer Gilliam noticed a strong odor of alcohol on Driver's breath. He observed that Driver swayed when walking or balancing and noted that Driver's clothing was mussed.

▮ Moreover, Driver failed all three field sobriety tests. Although Driver testified that more than one officer was involved in the testing, Driver's testimony did not contradict Director's evidence that Driver failed the field sobriety tests. Driver argued at trial that Officer Gilliam's failure to clearly state that he personally administered the field sobriety tests and his failure to provide the names of the other officers present in his report was fatal to Director's effort to meet his burden of proof. However, probable cause can be found even when no field sobriety tests are conducted. *See Hawkins v. Director of Revenue*, 7 S.W.3d 549, 551–52 (Mo.App. E.D.1999). In *Hawkins*, the court found probable cause even though no field sobriety tests were conducted where the officer observed the driver weaving, smelled a strong odor of alcohol on the driver's breath and noted that the driver's eyes were bloodshot, his pupils responded poorly to light, and the driver swayed while walking. *Id.* Field sobriety tests are not mandatory and supplement the officer's other observations. *Id.* Driver contends the *Hawkins* case is distinguishable because the driver in *Hawkins* admitted to the consumption of alcohol, and here, Driver denied consuming alcohol. We find this distinction unpersuasive when Officer Gilliam noticed a strong smell of alcohol on Driver's breath.

▮ Moreover, assuming arguendo that Officer Gilliam did not perform the field sobriety tests, an arresting officer can rely on others to gather facts and information to establish probable cause. *See Marsey v. Director of Revenue*, 19 S.W.3d 176, 178 (Mo.App. E.D.2000); *Calicotte v. Director of Revenue, State of Mo.*, 20 S.W.3d 588, 592 (Mo.App. S.D.2000). The totality of the circumstances known to Officer Gilliam, the arresting officer, would warrant a reasonably prudent, cautious, and trained

officer to believe Driver was driving while intoxicated and thus, constitute probable cause for his arrest.

Based on Officer Gilliam's observations, Director demonstrated the arresting officer had reasonable grounds to believe Driver was driving while intoxicated. Driver's evidence did not rebut Director's evidence, and thus, Director met his burden as to the probable cause element of his prima facie case. Therefore, the weight of the evidence shows Officer Gilliam had probable cause to believe Driver was driving while intoxicated.

■ As to the second element of Director's prima facie case, whether Driver had a blood alcohol content of .10 percent or more by weight, the circuit court made no finding. Consequently, we reverse and remand for further proceedings. Driver presented evidence contradicting Director's prima facie case. Thus, we must remand for the circuit court to make a finding as to whether Driver had a blood alcohol concentration of .10 percent or more by weight; and if it finds that Driver's blood alcohol content was .10 percent or more, then the circuit court must uphold Director's suspension of Driver's driving privileges.

Reversed and remanded for further proceedings.

CRANDALL, P.J., and CRANE, J., concur.