**Scott R. BUCHER, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 81100.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 28, 2003.

unless otherwise indicated.

Jeremiah W. Nixon, Atty. Gen., Cheryl Caponegro Nield, Jefferson City, for appellant.

Jeffrey P. Dix, Jackson, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue, State of Missouri ("Director") appeals the judgment of the circuit court reinstating the driving privileges of Scott R. Bucher ("Bucher"). The circuit court found that probable cause did not exist to warrant the original stop of Bucher, nor did probable cause exist to believe that Bucher was intoxicated. Director appealed the judgment asserting that the trial court erred in reinstating

Bucher's driving privileges because probable cause existed to believe Bucher was intoxicated. We reverse and remand.

On July 17, 2001, Officers Rodney Edwards ("Edwards") and Jason Jurgens ("Jurgens") of the Cape Girardeau Police Department observed a car stopped on the shoulder of the road. The car pulled forward into a yield lane and swerved into the driving lane. When the car made its lane change, it almost struck the concrete median dividing the yield lane from the driving lane. Edwards and Jurgens stopped the car and spoke with the driver, Bucher. Edwards testified that he smelled an odor of an intoxicating beverage coming from Bucher's mouth or breath, and he noticed that Bucher's eyes were bloodshot. Edwards asked Bucher if he had been drinking that night, and Bucher replied that he had consumed seven beers. Officer Edwards asked Bucher to perform field sobriety tests. Bucher refused. Bucher was arrested and refused a breath test after his arrest.

Director revoked Bucher's license for his refusal to submit to a breath test. Subsequently, Bucher filed a petition for review in the circuit court. The matter was heard and the court entered a judgment and order reinstating Bucher's driving privileges, finding that, "the original stop was not made with probable cause and that [Bucher's] arrest was not made with probable cause to believe that [Bucher] was intoxicated." The present appeal followed.

■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Marsey v. Director of Revenue*, 19 S.W.3d 176 (Mo. App.2000).

In their sole point on appeal, Director asserts that the trial court erred in reinstating Bucher's driving privileges because the judgment was against the weight of the evidence and not supported by substantial evidence. Director argues that probable cause did exist to believe that Bucher was intoxicated, and Bucher presented no evidence to the contrary.

Section 577.041 RSMo (Supp.2001)[1] provides that a person who refuses to take a breath test shall have their license revoked. Pursuant to section 577.041.4, that person may request a hearing before a court in the county in which the stop or arrest occurred. At such a hearing, the court shall determine only: 1) whether the person was arrested; 2) whether the arresting officer had reasonable grounds to believe that the person driving the vehicle was intoxicated; and 3) whether the person refused to submit to the test. Section 577.041.5 states that "[i]f the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive."

In the present case, there is no dispute that Bucher was arrested. Nor is there any dispute that he refused both the field sobriety test and the breath test. However, at issue in the present appeal is the finding of the court that probable cause to believe Bucher was intoxicated did not exist.

■ "Reasonable grounds" as discussed in section 577.041.4, is considered virtually synonymous with probable cause. *Hawkins v. Director of Revenue*, 7 S.W.3d 549, 551 (Mo.App.1999). "Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist." *Rain v. Director of Revenue*, 46

1. All further statutory references are to RSMo (Supp.2001) unless otherwise indicated.

S.W.3d 584, 587 (Mo.App.2001). There is no precise formula used to determine whether probable cause exists, but rather, it is determined based upon the individual facts and circumstances of each case. *Id.* at 588.

In the present case, Officers Edwards and Jurgens observed Bucher's unusual operation of his vehicle when he drove into the driving lane from the shoulder of the road. Officer Edwards testified that he observed Bucher's vehicle drive into the yield lane and swerve at the last minute into the driving lane. According to Edwards, when Bucher swerved into the driving lane, he almost struck the concrete median. The report prepared by Officer Jurgens contained the same observation. Officer Jurgens stated, in his report, that he saw Bucher's vehicle "erratically pull forward and back into the driving lane, nearly hitting a concrete median." Officer Edwards also testified that after stopping Bucher, he spoke with him and an odor of an intoxicating beverage came from Bucher's mouth or breath. Officer Jurgens stated in his report that he also detected the smell of an intoxicating beverage from Bucher's breath. Both officers noted that Bucher's eyes were bloodshot. Additionally, Bucher informed Officer Edwards that he had consumed seven beers.

The officers observed Bucher's unusual and illegal operation of his vehicle. That, coupled with the odor of alcohol, bloodshot eyes and Bucher's statement that he had consumed seven beers, is sufficient to establish probable cause to believe that Bucher was driving while intoxicated. The trial court's judgment reinstating Bucher's driving privileges was against the weight of the evidence.

Bucher attempts to argue that he was not identified at trial as the driver of the car or the proper respondent, however, this argument is without merit. As point-ed out by Director in response to this argument, Officer Jurgens identified Bucher in the report by name, date of birth and social security number. Additionally, Bucher could not be identified at trial because he was not present.

Bucher also claims that Officer Edwards and Officer Jurgens had two "very different" versions of what occurred on the night in question, and as such, the trial court could disbelieve the testimony of Officer Edwards. We also find this argument to be without merit. We note that we defer to the determination of the trial court as to credibility of witnesses. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). However, if the evidence is uncontroverted, there is no need for such deference. *Id.,* (citing *Hampton v. Director of Revenue,* 22 S.W.3d 217, 220 (Mo.App.2000)). The present case is distinguishable from the decision of the Missouri Supreme Court in *Hinnah.*

In *Hinnah,* the court considered whether probable cause existed to believe that Hinnah was driving while intoxicated. *Id.* The officer in Hinnah saw a truck on the shoulder of the highway with the engine running and approached the truck to observe Hinnah sleeping on the passenger side of the cab. The officer woke Hinnah and noted an odor of intoxicating beverage and saw that Hinnah's eyes were watery, glassy and bloodshot. However, on cross-examination, the officer acknowledged that he had not seen Hinnah in the driver's seat and he could not determine whether Hinnah was intoxicated from the odor and the appearance of Hinnah's eyes. The Supreme Court found that depending upon the determination of the credibility of the officer by the trial court, either a finding of probable cause that Hinnah was driving while intoxicated or a finding that there was no probable cause could be supported.

In *Hinnah,* because the evidence was controverted, the Supreme Court stated that deference was due to the trial court's determination of credibility. *Hinnah,* 77 S.W.3d at 620.

The present case is distinguishable from *Hinnah.* Officer Edwards' testimony was corroborated, not contradicted, by the report prepared by Officer Jurgens. Additionally, here there was no evidence presented by Bucher, and the testimony of the officer was uncontroverted. Accordingly, no deference is due to the trial court's assessment of credibility.

The judgment of the trial court is reversed and the cause remanded with directions to enter a judgment reinstating the revocation of Bucher's driving privileges.

MARY R. RUSSELL, P.J., and BOOKER T. SHAW, J., concur.