Charlotte HOCKMAN, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. WD 61429.

Missouri Court of Appeals,
Western District.

April 29, 2003.

Trevor Bossert, Jefferson City, MO, for appellant.

Respondent, pro se.

Before RONALD R. HOLLIGER, P.J., PAUL M. SPINDEN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

The Director of Revenue ("Director") appeals the trial court's reinstatement of the driving privileges of Charlotte Hockman on the basis that the decision was against the weight of the evidence. The judgment is reversed.

## Facts

In the early morning hours of November 25, 2000, Highway Patrol Officer S.M. Campbell stopped a vehicle being driven by Ronald Hockman in Warsaw, Missouri, after observing that the vehicle did not have any registration visible. The driver pulled into a nearby parking lot. The respondent Charlotte Hockman was in the passenger seat of the vehicle. While conducting the stop, the officer observed that the driver, Mr. Hockman, was intoxicated. The officer arrested him for driving while intoxicated.

The officer returned to the vehicle to speak with Charlotte Hockman, the passenger. He detected a "strong odor of an alcoholic beverage on or about her person" and noted that "her eyes appeared bloodshot and glassy." The officer asked Ms. Hockman if she had been drinking, and she replied that she had been. The officer noticed a plastic "Busch" cup in the console and asked Ms. Hockman what was in the cup. She stated that it was her cup of vodka. Ms. Hockman then asked if she could drive the vehicle to the Sheriff's office, and the officer told her she could not drive because he believed that she was intoxicated. The officer informed Ms. Hockman that another officer could give her a ride.

When the officer returned to his patrol car to radio the Sheriff's office, Ms. Hockman got behind the wheel of her vehicle and drove out of the parking lot onto the street. The officer immediately pulled her over and asked her to step out of the vehicle. When she refused, the officer then "assisted" Mrs. Hockman out of the vehicle. Ms. Hockman refused the officer's request to perform field sobriety tests. The officer placed her under arrest for driving while intoxicated. She was then taken to the Sheriff's office. At the Sheriff's office, Ms. Hockman was given a Miranda warning and informed of the implied consent law. She stated that she understood; but when asked to submit to a breathalyzer test, she refused.

The Director of Revenue was notified of Ms. Hockman's refusal to submit to a breath test, and on December 10, 2000, her driving privileges were revoked for one year, pursuant to section 577.041.3, RSMo 2000. Ms. Hockman filed a petition for judicial review of the revocation with the Benton County Circuit Court.

At trial, neither the officer nor Ms. Hockman testified. The sole piece of evidence introduced was Ms. Hockman's driving record, offered by the Director. The driving record included Ms. Hockman's driving history, the alcohol influence report from the November 25, 2000 incident, and Officer Campbell's narrative supplement to the report.

Ms. Hockman presented no evidence at the hearing. Her attorney did object to the admission of a part of the alcohol influence report, stating: "Specifically, page 9 of the report is illegible and therefore shouldn't be admissible and the Respondent shouldn't carry the burden." The objection was not ruled on, and the court took the case under advisement.

On April 10, 2002, the Honorable Larry M. Burditt entered judgment in favor of Ms. Hockman, ordering the reinstatement of her driving privileges. The judgment did not contain any findings of fact or conclusions of law, reciting only: "The Court finds the issues in favor of the Petitioner and against the Respondent."

The Director appeals.

## Judgment Against the Weight of the Evidence

The Director contends that the trial court erred in finding for Ms. Hockman because the decision was against the weight of the evidence and erroneously applies the law in that the Director established a *prima facie* case under section 577.041, and the case was not rebutted.

Pursuant to *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the trial court's decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law. *Innis v. Dir. of Revenue,* 83 S.W.3d 691, 694 (Mo. App.2002). Although appellate courts defer to the trial court's determination of credibility, there is no need for such deference if the evidence is uncontroverted. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002); *Wilson v. Dir. of Revenue,* 35 S.W.3d 923, 926 (Mo.App. 2001). In such a case, the real issue is the legal effect of the evidence, and the reviewing court need not defer to the trial court's judgment on a legal question. See *Hinnah,* 77 S.W.3d at 620.

In a refusal case such as this, the Director has the burden of establishing a *prima facie* case, pursuant to section 577.041.4,[1] that: (1) the person was arrested or stopped; (2) the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) the person refused to submit to the test. *Jarvis v. Dir. of Revenue,* 92 S.W.3d 301, 305 (Mo. App.2002). The driver must then present evidence to rebut the *prima facie* case. See *Rain v. Director of Revenue,* 46 S.W.3d 584, 587 (Mo.App.2001); *Parrish v. Director of Revenue,* 11 S.W.3d 652, 655, (Mo.App.1999); and *Hawkins v. Director of Revenue,* 7 S.W.3d 549, 552 (Mo.App. 1999).

1. Section 577.041.4 states in relevant part:
    If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred. .... At the hearing the court shall determine only:
    (1) Whether or not the person was arrested or stopped;
    (2) Whether or not the officer had:
    (a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; ... and
    (3) Whether or not the person refused to submit to the test.

■ Although we do not know the basis for the trial court's rejection of the Director's case, we do know that the first element of the *prima facie* case was satisfied, in that the uncontroverted evidence shows that Ms. Hockman was arrested. An arrest is effected by the actual restraint of a person or by his submission to custody. *Callendar v. Dir. of Revenue*, 44 S.W.3d 866, 868 (Mo.App.2001) (citing § 544.180 RSMo). Here, the arrest requirement was satisfied when the officer placed Ms. Hockman under arrest and had her transported to the Sheriff's office.

There also was no evidence presented at trial to rebut the Director's contention that Ms. Hockman refused to submit to the breathalyzer test. The uncontroverted evidence established that the arresting officer properly read the implied consent warning to Ms. Hockman and that she refused to take the test. That evidence is sufficient to satisfy this component of the test. See *Berry v. Dir. of Revenue*, 885 S.W.2d 326, 327–28 (Mo. banc 1994) (reversed a trial court reinstatement of a driver's license even though the sole evidence on refusal was the officer's uncontroverted testimony).

■ The remaining issue is whether the officer had reasonable grounds to believe that Ms. Hockman was in an intoxicated condition while driving her vehicle. Section 577.041.4(2)(a) requires the Director to show that the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition. The term "reasonable grounds" in this context is synonymous with probable cause. *Jarvis*, 92 S.W.3d at 305. "Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist." *Rain*, 46 S.W.3d at 587. The test for probable cause is satisfied when a police officer possesses facts that would justify a reasonably cautious person to believe that an offense has been or is being committed and that the person to be arrested committed it. *Wilcox v. Dir. of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992). The probable cause determination must be based on the particular facts and circumstances of the individual case. *Hinnah*, 77 S.W.3d at 621. In determining whether reasonable grounds existed, the court must evaluate the facts and view the situation as a cautious, trained, and prudent police officer would have viewed it at the time of the arrest. *Hawkins*, 7 S.W.3d at 551.

At trial, the only evidence introduced was Ms. Hockman's driving record, which included the alcohol influence report from this arrest. According to that report, Ms. Hockman's eyes were bloodshot and glassy, her pupils were dilated, her speech was slurred, the odor of alcoholic beverage was strong on her breath, her balance was stumbling, her walking and turning were swaying, and her speech was slurred. The report shows that Ms. Hockman admitted that a cup of vodka in the console next to her was hers and acknowledged that she had been drinking. There was no evidence presented to rebut the officer's sworn statement regarding his observations.

■ Probable cause has been found in other section 577.041 refusal cases based on observations made by the arresting officer after the driver was seen driving erratically. See, *e.g., Edmisten v. Dir. of Revenue*, 92 S.W.3d 270, 272 (Mo.App.2002); and *Hawkins*, 7 S.W.3d at 551. The refusal to take a field sobriety test is also evidence of intoxication. *Edmisten*, 92 S.W.3d at 274. Here, although there was no testimony that Ms. Hockman drove erratically, (because the officer never gave

her a chance to do so), the officer's observations of her after his lawful stop of the vehicle were such as to give rise to reasonable grounds to believe that Ms. Hockman was driving a motor vehicle while in an intoxicated condition. This satisfied the third element of the test.

The Director's evidence at trial was uncontroverted and the trial court made no findings with regard to credibility or the lack thereof.[2] This court cannot disregard the Director's uncontroverted evidence and presume that the trial judge found a lack of credibility in order to affirm the judgment. See *Brown v. Dir. of Revenue*, 85 S.W.3d 1, 7 (Mo. banc 2002) (dealing with section 302.505, RSMo 2000). The Director's uncontroverted evidence supported a *prima facie* case, and that *prima facie* case was not rebutted. The judgment was, therefore, not supported by substantial evidence and was against the weight of the evidence under the standards applicable to review of a proceeding under section 577.041.

### Conclusion

For the foregoing reasons, the judgment is reversed and the cause remanded to the trial court for reinstatement of the Director's revocation.

HOLLIGER and SPINDEN, JJ., concur.

---

2. Although parts of the copy of the officer's report were difficult to read (and, unfortunately, such is a far too common occurrence), we fail to see that this fact was sufficient to undermine the conclusions to be drawn from the report. Hockman objected only to page 9 of the report. The court gave no indication that it based its ruling on the difficulty of reading the report, or on the illegibility of this minor portion. In any event, the balance of the report supported the facts necessary for a *prima facie* case.