UNITED STATES of America, Appellee,

v.

James Cletus HENRY, Appellant.

UNITED STATES of America, Appellee,

v.

James Wilson SMITH, Appellant.

Nos. 84–2394, 84–2395.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1985.

Decided May 30, 1985.

Orville C. Clift, Fort Smith, Ark., for appellant.

J. Michael Fitzhugh, Fort Smith, Ark., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and WOODS,* District Judge.

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of

LAY, Chief Judge.

James Cletus Henry and James Wilson Smith each were indicted under 18 U.S.C. §§ 2, 2113(d), 2314 (1982). The two men moved to suppress evidence seized upon their arrest and in searches of their automobile and motel room. The district court denied Henry and Smith's motion, and the men changed their pleas from not guilty to conditional pleas of guilty. *See* Fed.R. Crim.P. 11. Henry and Smith were sentenced October 24, 1984. Henry received sentences of eighteen and ten years, to run concurrently. The district court imposed concurrent sentences of twelve and ten years on Smith. These appeals follow.

On April 30, 1984, more than $10,000 was stolen from the Central Mall Branch of the First National Bank of Fort Smith, Arkansas (the Bank). The same day, James Smith, using the name J.W. Schultz, rented room number twenty-one (room 21) at the Interstate Inn (the Inn) in Roland, Oklahoma. Just before midnight of April 30, James Clay Hiatt, a private citizen, walked past the opened door of room 21 and glanced inside. Hiatt saw several stacks of money still enclosed in bank wrappers on a dresser and against the baseboard. Hiatt heard a voice order someone to shut the door. After the door was shut, Hiatt looked through an opening in the window curtains and observed a cardboard box and more money on the bed. Approximately 12:15 a.m., Hiatt contacted the Roland Police Station.

After interviewing Hiatt, a Roland police officer went to the Inn, and ran a registration check on two vehicles parked outside room 21. One of the automobiles, a 1984 Camaro, was registered to a Dana or Diane Henry.

A short time later the Roland Chief of Police, accompanied by the owner of the Inn and two police officers, knocked on the door of room 21. Henry answered and apparently identified Smith as the other occupant. The police chief requested admittance, explaining that a bank robbery

had occurred, and that a large amount of money had been seen in room 21. Henry refused to allow the police officers to inspect the room, but stated he and Smith would be leaving at 5:00 a.m., and the officers then would be free to enter. The group did not attempt to enter, but maintained surveillance of room 21.

Sometime before 5:00 a.m. Henry and Smith started to leave the Inn in the 1984 Camaro, but, without warrant, were arrested. The arresting officers, mistakenly believing they saw a weapon, searched the car. The search revealed a folding shovel, a cardboard box, and a duffel bag.

Subsequent to the arrests, a warrant was executed to search the 1984 Camaro and room 21. After obtaining permission from the Inn's owner, the officers went to search the room. The officers found the door unlocked and partially open and the motel key on a dresser. The search revealed a shotgun, an undetermined sum of money, articles of clothing, and Bank money wrappers, adding machine tape, and deposit envelopes. The officers further discovered two thousand dollars in twenty dollar bills in the console of the automobile.

## Discussion

Henry and Smith contend the district court erred in denying their motion to suppress evidence obtained in the search of the 1984 Camaro and the motel room. Henry and Smith argue that their warrantless arrest was without probable cause and that the affidavit upon which the warrant was issued was insufficient and based on false and misleading evidence.

### A. The Warrantless Arrest

A district court's determination that probable cause existed to make a warrantless arrest is founded on a consideration of "whether the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed * * * an offense." *United States v. Wallraff,* 705 F.2d 980, 990 (8th Cir.1983). Probable

Arkansas, sitting by designation.

cause does not require a prima facie showing of criminal activity, but only the probability of criminal activity. *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969). This court will uphold a district court's finding of probable cause unless clearly erroneous. *United States v. McGlynn*, 671 F.2d 1140, 1143 (8th Cir.1982).

█ Henry and Smith's contention that the police lacked probable cause ignores the totality of the facts based on reasonably trustworthy information known to the officers at the time of the arrests. The officers knew that on April 30 the Bank had been robbed and Smith, driving a 1984 Camaro, had checked into room 21 as J.W. Schultz. The officers also knew that around midnight of April 30 James Hiatt saw stacks of money with bank wrappers in room 21, that Hiatt heard someone order the door to room 21 be shut, and that Henry identified himself and Smith to the officers and denied there was money in room 21. Given the circumstances presented the officers, we agree there was probable cause to arrest the two men.

### B. The Searches

█ Henry and Smith also contend the affidavit upon which the warrant was issued was insufficient and based on false and misleading information. The two men argue that the affidavit was insufficient because the affiant did not have personal knowledge of certain information in the affidavit and because the judge issuing the warrant failed to swear in the affiant. Again, the district court's determination in a motion to suppress that the affidavit and the warrant were valid will not be overturned unless clearly erroneous. *See United States v. Wallraff*, 705 F.2d at 987. We do not believe the district court clearly erred in its decision.

█ A search warrant is invalid and the fruits of the search excluded only if the defendant establishes by a preponderance of the evidence that the affiant knowingly, intentionally, or with reckless disregard for the truth included a false statement, and that with the affidavit's false material set aside, the remaining information is insufficient to establish probable cause. *Franks v. Delaware*, 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978); *United States v. House*, 604 F.2d 1135, 1139 (8th Cir.1979), *cert. denied*, 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980). The district court determined Henry and Smith failed to satisfy their burden at the motion to suppress hearing. Henry and Smith did not show any false facts in the affidavit, and failed to demonstrate the allegedly false statements were made knowingly and intelligently, or with reckless disregard for the truth. Indeed, the affiant testified at the motion to suppress hearing that the basis for the affidavit was "essentially correct." [1]

█ Henry and Smith's principle contention appears to be that the affidavit was, in large part, founded on hearsay. Hearsay evidence, however, is a permissible basis for a finding of probable cause under Fed. R.Crim.P. 41(c)(1). Certainly the district court "had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983).

We need not address Henry and Smith's argument that the warrant was invalid because the judge failed to swear in the affiant. The officers made a valid arrest and could have, incidental to the arrest, searched the 1984 Camaro console without a warrant. *See New York v. Belton*, 453 U.S. 454, 460 & n. 4, 101 S.Ct. 2860, 2864 & n. 4, 69 L.Ed.2d 768 (1981). Henry and Smith had abandoned room 21 by the time the officers entered, and thus have no standing to complain about the subsequent search and seizure. *See United States v.*

---

1. Even if Henry and Smith satisfied the first component of their burden, because they have not specifically identified the false statements in the affidavit, they have not shown the affidavit's remaining material insufficient to establish probable cause.

*Abel,* 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960).

We affirm the district court's denial of Henry and Smith's motion to suppress evidence allegedly seized in violation of their fourth amendment rights.