Thomas J. HOWARD,
Plaintiff-Respondent,

v.

Paul McNEILL, Jr., Director of Missouri Department of Revenue,
Defendant-Appellant.

No. 51227.

Missouri Court of Appeals,
Eastern District,
Division Ten.

Sept. 23, 1986.

Richard L. Wieler, Jefferson City, for defendant-appellant.

Thomas J. Howard, pro se.

STEPHAN, Presiding Judge.

The Director of Revenue appeals from an order of the Circuit Court setting aside the Director's order revoking respondent's driving privileges for a period of one year. We reverse and remand to the trial court for reinstatement of the order of revocation.

The Director ordered the revocation after receiving an affidavit from Highway Patrol Officer Paul D. Cordia, as contemplated by § 577.041, RSMo Cum.Supp.1984. The affidavit stated in substance that at 1:50 a.m. on September 19, 1985, Officer Cordia, having "reasonable grounds" to believe respondent Thomas J. Howard operated a motor vehicle "while in an intoxicated or drugged condition," placed Howard under arrest. The affidavit continued that Cordia requested Howard to submit to a chemical test to determine "the alcoholic and/or drug content of his blood," that Cordia warned Howard refusal to take the test could result in a one year revocation of Howard's driver's license, but that Howard refused the test.

After the Director's order of revocation was issued, respondent filed his petition for review in Circuit Court as allowed by § 577.041, supra. At the hearing on the petition, Officer Cordia testified that he received a report of an automobile collision which had occurred at 12:55 a.m. on September 19, 1985. He went to the scene of

the two-vehicle mishap, arriving at approximately 1:20 a.m. Present at the scene were one of the two drivers involved in the collision, Michael Scamell, and Charles Coffman, City Marshal of St. Mary's, Missouri. Marshal Coffman advised Officer Cordia that respondent had been the driver of the other vehicle and that Coffman had permitted him to depart the scene to seek medical attention at a local hospital. Respondent had left in an automobile driven by a friend, Lloyd Shaver, prior to Cordia's arrival. A radio call to the hospital revealed that respondent had not arrived. Coffman supplied Cordia with a description of Shaver's automobile, and Cordia left the scene. When he saw a vehicle matching the description of Shaver's, Cordia stopped it and found respondent riding in it as a passenger. Cordia stated this stop occurred fifty to sixty minutes after the accident. Respondent appeared very intoxicated; Cordia placed him under arrest for driving while intoxicated at the time of the collision and requested that respondent submit to a test to determine his blood alcohol content. Respondent refused.

At the hearing, respondent admitted that he was intoxicated at the time of the arrest, but explained that the condition was brought about by his consumption of a half pint of whiskey supplied to him by Lloyd Shaver after the accident. This claim was corroborated by Shaver's testimony, but neither Shaver nor respondent made any such statement to Officer Cordia prior to or at the time of the arrest. Similarly, City Marshal Coffman and Michael Scamell testified that they detected no sign that respondent had been drinking when they were with him at the scene of the accident. No one had voiced to Cordia any fact or opinion concerning respondent's sobriety or lack thereof at the time of the accident; and, thus, the only facts before Cordia when the arrest was made were respon-

dent's undisputed inebriation at the time and his failure to go to the hospital.[1]

The statute which provides for the hearing, § 577.041, states in part:

At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive.

Accordingly, in its entry of judgment setting aside the Director's order of revocation, the trial court found:

... that at the time of the accident aforesaid, Plaintiff was not intoxicating [sic] nor is there any evidence Plaintiff was drinking and, therefore, the officer making the arrest and requesting Plaintiff to take the breathalyzer was without probable cause to believe that Plaintiff was intoxicated at the time of the accident, or was driving a vehicle while intoxicated.

Section 577.039, RSMo Cum.Supp.1984, specifically authorizes a warrantless arrest by a law enforcement officer "including a uniformed member of the state highway patrol" for driving while intoxicated, § 577.010, or driving with excessive blood alcohol content, § 577.012, when the arresting officer has "reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer; provided, however, that any such arrest without warrant must be made within one and one-half hours after such claimed violation occurred."

---

**1.** Cordia testified that respondent stated that he had consumed three beers prior to the accident and had drunk nothing thereafter. Respondent denied making these admissions. As the trier of fact, the trial court was free to disbelieve Cordia and to believe respondent's testimony that he had drunk no alcoholic beverage all day prior to the accident. *Trenton Trust Company v. Western Surety Company,* 599 S.W.2d 481, 483 (Mo. banc 1980).

In determining whether there was "probable cause" for respondent's arrest, the trial court obviously looked to the evidence adduced at the hearing: the testimony of the City Marshal and the other driver at the scene of the collision concerning respondent's condition, and the testimony of respondent and Lloyd Shaver concerning respondent's post-collision consumption of whiskey. This was an erroneous application of the law.

 "Reasonable grounds" for an arrest, like probable cause,[2] must be determined on the basis of facts known to the arresting officer at the time of the arrest, not on the basis of facts learned later. *State v. Moore*, 659 S.W.2d 252, 255 (Mo. App.1983). When an officer is possessed of facts which would justify a person of reasonable caution to form a belief that an offense has been committed and that the person to be arrested committed it, the officer has probable cause for the arrest. *State v. Morris*, 662 S.W.2d 884, 892–893 (Mo.App.1983).

 It is not necessary that the arresting officer possess all of the information concerning the offense and the arrestee's participation in it, in order to form a belief amounting to probable cause. *State v. Young*, 701 S.W.2d 490, 494 (Mo.App.1985). This would seem abundantly true where, as here, the arrestee and his friend failed to offer the potentially exculpatory fact of respondent's heavy drinking after the collision.

 At the time of the arrest in this case, it was clear that respondent was intoxicated, and Officer Cordia was possessed of reliable information that, approximately one hour before he encountered respondent, respondent had been operating a motor vehicle and was involved in a collision. Furthermore, although respondent had been permitted to seek medical attention, he did not go to the hospital, possibly in an effort to avoid being seen by neutral observers. Such facts provided Officer Cordia with "reasonable grounds" to believe that respondent had been intoxicated at the time of the collision and authorized the arrest. Respondent's refusal to submit to a blood alcohol content test thereafter warranted the Director's order of revocation.

 Appellant's second point alleges trial court error in the assessment of costs against the State. This point is well taken. Costs are not assessable against the State regardless of which party prevails. *Labor's Educational and Political Club Independent v. Danforth*, 561 S.W.2d 339, 350 (Mo. banc 1977); *Automatic Retailers of America, Inc. v. Morris*, 386 S.W.2d 901, 907 (Mo. banc 1965).

The judgment of the trial court, including the costs, is reversed and the cause is remanded for reinstatement of the order of revocation.

SIMON and KELLY, JJ., concur in result only.

---

**2.** The two terms are virtually synonymous. In *State v. Ward*, 457 S.W.2d 701, 705 (Mo.1970), it is said that, "The substance of all definitions of *probable cause* is a *reasonable ground* for belief of guilt." (Emphasis added). For purposes of this opinion, the converse of such statement is deemed true.