**Willis D. WILCOX, Respondent,**

**v.**

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 45978.**

Missouri Court of Appeals,
Western District.

Dec. 15, 1992.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Donald L. Cain, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and ULRICH, JJ.

ULRICH, Judge.

The director of revenue appeals an order reinstating the driving privileges of Willis D. Wilcox after judicial review of his refusal to submit to chemical testing under § 577.041, RSMo Supp.1990 (now repealed).

Reversed and remanded.

Section 577.041.2–.3 mandates reinstatement of driving privileges when the judge determines after a hearing any of the following issues not to be in the affirmative:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

At his hearing Mr. Wilcox stipulated to issue 1 (his arrest) and issue 3 (his refusal). The hearing proceeded on the remaining issue 2, whether the arresting officer had reasonable grounds to believe that Mr. Wilcox was driving while in an intoxicated condition. To prove issue 2, the arresting officer, Jeffery Cowdry, testified for the state. A summary of the officer's testimony follows.

On October 10, 1991, Officer Cowdry was dispatched on a "medical nature unknown call." The Kansas City police had received a report that tow truck drivers had attempted to awaken someone and believed the person was not breathing.

At 2:15 a.m. the officer arrived at the Lewis and Clark Viaduct of Interstate 70. The highway had two traffic lanes and an emergency lane at that location. Parking was not allowed there, and the posted speed limit was 55 mph. The officer observed a vehicle parked on the viaduct in the right-hand lane of traffic. Willis D. Wilcox was seated in the driver's seat of the parked vehicle, asleep or passed out behind the wheel. The keys were in the ignition; the transmission was in park; however, the vehicle's engine was not operating.

The officer had difficulty rousing Mr. Wilcox, who finally responded when the officer opened the door and shook him. Mr. Wilcox exuded a strong odor of alcohol; his eyes were very bloodshot. He was uncooperative and refused to answer the officer's questions. He needed the officer's assistance in removing his driver's license from his back pocket. When asked to step out of the vehicle, Mr. Wilcox could barely stand and leaned on the officer for support. The officer did not attempt field sobriety tests because of concerns about safety due to Mr. Wilcox's condition and their location on the highway. Based on his observations, the officer placed Mr. Wilcox under arrest. Mr. Wilcox was transported via paddy wagon to police headquarters where he later refused breathalyzer testing.

At the hearing, Mr. Wilcox neither cross-examined the arresting officer nor presented evidence. The state argued that the standard of proof is less in civil cases than in criminal cases. The judge made the following findings of fact from the evidence: (1) Mr. Wilcox "was pulled over to the side of the road asleep with the keys in the ignition" and (2) "[t]he car was not running." Concluding that the arresting officer lacked reasonable grounds to believe that Mr. Wilcox was driving while in an intoxicated condition, the judge ordered

reinstatement of Mr. Wilcox's driving privileges.

On appeal the Director of Revenue contends that the trial judge erred in finding lack of "reasonable grounds" under § 577.-041.2(2). The Director maintains that the trial judge misstated and misapplied the law in ordering reinstatement, and based the order on insubstantial evidence. Mr. Wilcox counters, insisting that no reasonable grounds existed for believing him to be driving while intoxicated because the engine of his vehicle was not running.

■ The trial judge's finding that Mr. Wilcox "was pulled over to the side of the road" is not supported by substantial evidence. The arresting officer testified that Mr. Wilcox's vehicle was "parked in the right-hand lane of traffic." Further, after describing the design of the highway, the officer again specified that he first saw the vehicle "in the right-hand lane of traffic." The officer's testimony was uncontradicted. Mr. Wilcox propounded no cross-examination and presented no evidence. Mr. Wilcox does not contest the location of the parked vehicle on the viaduct. The trial judge's finding, as the trier of fact, need not be deferred to because the evidence was not controverted and the case was virtually one of admitted facts. *State v. Hanners*, 827 S.W.2d 273, 274 (Mo.App., 1992).

■ Section 577.041.2(2) requires a determination of whether the arresting officer had reasonable grounds to believe that the individual was driving while in an intoxicated condition. "Reasonable grounds" and "probable cause" are virtual synonyms. *Tuggle v. Director of Revenue*, 727 S.W.2d 168, 170 (Mo.App.1987). The essence of all definitions of "probable cause" is a "reasonable ground" for belief of guilt. *Howard v. McNeill*, 716 S.W.2d 912, 915 n. 2 (Mo.App.1986). Probable cause for arrest exists when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it. *Id.* at 915. The type of facts needed to determine probable cause are found

in the definition of the substantive offense and in case law dealing with the sufficiency of the evidence to convict of the substantive offense. *Stoltz v. Director of Revenue*, 816 S.W.2d 711, 714 (Mo.App.1991); *State v. Moore*, 659 S.W.2d 252, 257 (Mo. App.1983).

■ Mr. Wilcox was arrested for allegedly violating a city ordinance functionally equivalent to driving while intoxicated set forth as § 577.010, RSMo 1986. Each word in the name of the offense, "driving while intoxicated," identifies an element of proof. Each element instructs on the type of facts needed to establish probable cause. This appeal focuses on the "driving" and "while" elements. No dispute exists on the "intoxication" element. Section 577.001.1, RSMo 1986, defines "driving" as "physically driving or operating or being in actual physical control of a motor vehicle." Of the various definitions, the lowest common denominator is "actual physical control" because physical control is a necessary prelude to operating a motor vehicle. *City of Kansas City v. Troutner*, 544 S.W.2d 295, 299 (Mo.App.1976). Case law construes "actual physical control" as keeping a vehicle in restraint or being in a position to regulate its movements. *State v. O'Toole*, 673 S.W.2d 25, 27 (Mo. banc 1984). A driver inside a motionless vehicle is deemed to be in actual physical control when the engine is running. *State v. Dey*, 798 S.W.2d 210, 212 (Mo.App.1990). Actual physical control is not defeated if the driver is asleep or unconscious. *State v. Hollis*, 800 S.W.2d 69, 71 (Mo.App.1990).

On the element of driving, Mr. Wilcox emphasizes that his car was not running. He cites *State v. Block*, 798 S.W.2d 213, 216 (Mo.App.1990), which identified a running engine as a major factor in determining whether a sleeping driver was in actual physical control of a motionless car. *Block* reversed the driving while intoxicated (DWI) conviction of an intoxicated individual sitting asleep behind the steering wheel of an automobile found completely off the roadway partially in a ditch where the ignition key was in the console, the car was

motionless, and the engine was *not running. Id.*

■ Drunk driving convictions are consistently upheld for intoxicated persons found alone, even if asleep or unconscious, in the passenger compartment of a motionless vehicle whose engine is running. *E.g., O'Toole,* 673 S.W.2d at 27; *Hollis,* 800 S.W.2d at 71; *Dey,* 798 S.W.2d at 212. A running engine is significant because it provides direct evidence of the coincidence of driving and intoxication even though an intoxicated person found alone in a motionless vehicle may be asleep or unconscious. On the other hand, circumstantial evidence can supply the "driving" and "while" elements when driving is not observed and the engine is not running. *State v. Davison,* 668 S.W.2d 252, 254 (Mo.App.1984). However, non-engine-running cases require significant additional evidence of driving and the connection of driving with intoxication in order to sustain a criminal conviction. *Block,* 798 S.W.2d at 216; *State v. Liebhart,* 707 S.W.2d 427, 429 (Mo.App.1986). Various combinations of the following additional evidence have led to affirmances of DWI convictions of intoxicated persons found in vehicles without the engine running: location and position of vehicle on or in relation to the roadway, key in the ignition, ignition turned on, engine compartment warm, other mechanisms (e.g. lights) running, admission of driving or drinking, recent involvement in a driving accident, and indications of how long the vehicle had been stopped. *E.g., State v. Helm,* 755 S.W.2d 256, 257–59 (Mo.App.1988); *State v. Williams,* 752 S.W.2d 454, 455 (Mo.App. 1988); *State v. Brown,* 749 S.W.2d 448, 450 (Mo.App.1988); *State v. Hoeber,* 737 S.W.2d 484, 485–86 (Mo.App.1987).

■ In reviewing probable cause determinations in breathalyzer refusal and administrative suspension cases, courts often consult case law dealing with the sufficiency of the evidence to sustain DWI convictions. *E.g., Nuyt v. Director of Revenue,* 814 S.W.2d 690, 691 (Mo.App.1991); *Tuggle,* 727 S.W.2d at 169–70; *Taylor v. McNeill,* 714 S.W.2d 947, 948–49 (Mo.App. 1986). Nevertheless, a vast gulf exists between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt. *Moore,* 659 S.W.2d at 255. Although mere suspicion is insufficient to establish probable cause, absolute certainty is not required. *State v. Heitman,* 589 S.W.2d 249, 253 (Mo. banc 1979), *cert. denied,* 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed.2d 795 (1980). Probability and reasonableness characterize the twin concepts of probable cause and reasonable grounds. The standard for determining probable cause is the probability of criminal activity, not a prima facie showing of guilt. *United States v. Henry,* 763 F.2d 329, 330–31 (8th Cir.1985). A fluid concept, probable cause turns on the assessment of probabilities in particular factual contexts. *Stoltz,* 816 S.W.2d at 714. The practical considerations of everyday life on which reasonable people act, not the hindsight of legal technicians, govern the probable cause determination. *Heitman,* 589 S.W.2d at 253. Probable cause is evaluated from the vantage point of a prudent, cautious, and trained police officer at the scene at the time of arrest. *Stoltz,* 816 S.W.2d at 714. In examining the existence of probable cause, courts consider the information possessed by the officer before the arrest and the reasonable inferences drawn therefrom. *State v. Stokes,* 710 S.W.2d 424, 426 (Mo.App.1986). To form a belief amounting to probable cause, the arresting officer need not possess all the information concerning the offense and the arrestee's participation in it. *Howard,* 716 S.W.2d at 915.

■ The sufficiency of the evidence to convict of driving while intoxicated is not in issue. The issue is whether Officer Cowdry had reasonable grounds to believe that Mr. Wilcox was driving while in an intoxicated condition. The officer observed Mr. Wilcox in a vehicle parked in the traffic lane on a viaduct of an interstate highway, an area where parking was dangerous and prohibited. The officer found Mr. Wilcox alone and soundly sleeping while sitting in the driver's seat and positioned behind the steering wheel. The officer saw that the

ignition key was in the ignition. The officer knew that tow truck drivers had earlier been unable to awaken someone at the same location. The officer had to shake Mr. Wilcox to rouse him. The officer witnessed undisputed indicia of intoxication when Mr. Wilcox was finally awakened.

Officer Cowdry premised Mr. Wilcox's arrest on reasonable grounds and probable cause. The vehicle's location on the highway, Mr. Wilcox's position in the driver's seat, and the presence of the key in the ignition provide reasonable grounds for believing that someone drove the vehicle to that location and that Mr. Wilcox was the driver. The totality of the officer's observations, information, and experience, and the reasonable inferences drawn therefrom make it more probable than not that Mr. Wilcox had actual physical control of the vehicle while intoxicated. Viewed in terms of everyday life, these particular circumstances reasonably support the inference that effects of intoxication caused Mr. Wilcox to stop his vehicle in a traffic lane of the viaduct on the interstate highway. Practical considerations make it unreasonable to believe that Mr. Wilcox parked in the traffic lane to sleep or to become intoxicated or that someone else drove the vehicle to the location, departed, and Mr. Wilcox then sat in the driver's seat and slept. Reasonable probabilities favor the belief that Mr. Wilcox's intoxication while driving caused him to stop the vehicle in that location. The officer relied on facts sufficient to formulate a reasonable belief that Mr. Wilcox was driving while in an intoxicated condition.

In finding lack of reasonable grounds under § 577.041.2(2), the trial judge relied on insubstantial evidence and misapplied the law. The trial court's order is reversed, and the cause is remanded for entry of an order sustaining the revocation of Mr. Wilcox's driver's license.

All concur.