**Donald C. EDMISTEN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 60807.**

Missouri Court of Appeals, Western District.

Nov. 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

Application for Transfer Denied Jan. 28, 2003.

Sarah E. Ledgerwood, Asst. Atty. Gen., Jefferson City, for appellant.

Michael Chester McIntosh, Independence, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

JAMES M. SMART, JR., Judge.

The Director of Revenue appeals the ruling of the trial court ordering reinstatement of the driver's license of Donald Edmisten. Edmisten's license was revoked for refusing a breathalyzer test after he was stopped and arrested for driving while intoxicated. Because we determine that the Director showed that the officer had probable cause to believe Edmisten was driving while intoxicated, we reverse the ruling of the trial court.

### Factual Background

The facts are viewed in a light favorable to the decision of the trial court. See *Long v. Director of Revenue*, 65 S.W.3d 545, 548 (Mo.App.2001). The Director's

evidence is, in any event, uncontradicted in this case.

On January 18, 2001, William Tomlin, a deputy sheriff with the Platte County Sheriff's Department, was stopped at about 12:19 a.m. on eastbound 45 Highway at a stop light by the I–29 exit ramp. He observed a black pickup and a red passenger vehicle at the bottom of the exit ramp from northbound I–29. They were not pulled up to the stop line. The pickup was about one car length back, with the red car behind it. The vehicles were waiting to make a left turn on westbound 64th Street (45 Highway). The left turn lane had a green light, but the vehicles did not move. The red vehicle then went around the pickup by going onto the shoulder. The driver of the red vehicle waved at Tomlin. Tomlin rolled down his window, and the driver of the red vehicle made a statement to Tomlin.[1] Tomlin then parked on the shoulder and went to make contact with the driver of the pickup. As Tomlin reached the center island near the pickup, the driver of the pickup, who had been slumped over the wheel of the vehicle, sat up. At that time, he had another green light (after sitting through one full cycle of lights). The pickup then turned left and proceeded onto westbound 64th Street before Tomlin could make contact. Tomlin returned to his vehicle and followed.

As the pickup proceeded, Tomlin observed several incidents of erratic driving. Between Chatham and Cosby on 64th Street, there are two lanes for westbound traffic. The pickup was in the left (inside) lane. The pickup swerved to the right and then swerved back into the left lane. The pickup then swerved to the left over the painted line and then returned to his lane. As the pickup proceeded west to Cosby and 64th, it encountered construction barrels in the left lane. Tomlin observed the pickup come very close to striking the barrels before swerving to the right lane at the last moment. At that point, Tomlin activated his emergency lights and siren and conducted a traffic stop.

Donald Edmisten was operating the pickup. The officer informed Edmisten why he had stopped him. Edmisten denied each of the items the officer stated he had observed. The officer noticed an odor of alcohol, and noticed that Edmisten's speech was slurred. Edmisten said he drank two beers earlier in the evening. Deputy Tomlin asked him if he would be willing to step out and take some field sobriety tests. Edmisten declined, stating he "wasn't taking any tests." Tomlin then asked him to exit his vehicle, and Edmisten replied that he "wasn't getting out." After Tomlin shut off the vehicle to reduce the temptation for Edmisten to drive off, Tomlin told him firmly that he "needed to exit the vehicle." Edmisten then complied. As Edmisten was getting out, Officer Tomlin informed him he was under arrest for driving while intoxicated because of the officer's observations and Edmisten's responses. After the officer informed him he was under arrest, Edmisten asked if the officer could "give him a break," because he had experienced a

---

1. The statement was excluded from evidence pursuant to a hearsay objection. This was an incorrect evidentiary ruling. It is important to recognize that when the Director is attempting to show that the officer had reasonable grounds to believe that the subject in question was driving while intoxicated, statements made to the officer by third parties are offered to show the information possessed by the officer at that time, whether or not the statement was true. The accuracy of the statement of a third party is not at issue in a reasonable grounds determination. *See Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992). Thus, such statements are admissible for the purpose of showing what the officer knew at that time.

"rough two years." Officer Tomlin said no.

Officer Tomlin stated that, based on his observations of Edmisten being slumped over the steering wheel through a cycle of traffic lights, observing him weave twice from his lane in different directions, observing him almost strike the construction barrel, and personally observing him and talking with him after the stop, Officer Tomlin formed the opinion that Edmisten was driving while intoxicated.

On cross-examination, Officer Tomlin acknowledged that, apart from the items mentioned in his direct testimony, he did not observe Edmisten do anything improper. The deputy acknowledged he was not familiar with Edmisten's normal speech patterns and did not know his physical capabilities as to balance. The deputy described Edmisten's balance, walking, and turning as "fair," as far as the little he observed in taking Edmisten into custody. The deputy acknowledged that Edmisten was a large man, and that overweight people tend to have more trouble with balance tests. In summary, no substantive contradiction of the direct testimony emerged from the cross-examination.

Edmisten had stipulated before trial that he refused to submit to a chemical test. He also acknowledged he was under arrest at the time of his refusal. Therefore, the only issue to be tried in the case was the issue of whether Deputy Tomlin had reasonable grounds to believe Edmisten was driving while intoxicated.

After the Director's evidence, Edmisten declined to present evidence. Therefore, the only evidence before the court was the testimony of Deputy Tomlin. At the conclusion of arguments, the court stated that "the purpose of the field sobriety test is to provide the probable cause for believing that a driver is intoxicated." The court stated that the Director had not met his burden in the case. The court granted the petition for reinstatement. The Director appeals.

### Standard of Review

This court will uphold the decision of the trial court unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court has erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Pursuant to § 577.041 RSMo 2000, a driver whose license has been revoked for refusal to take a breathalyzer test may request a hearing before a court of record. At that hearing, the judge is to determine whether the person was arrested, whether the arresting officer had "reasonable grounds" to believe that the person was driving while intoxicated, and whether the person refused to submit to the chemical test. *Berry v. Director of Revenue*, 885 S.W.2d 326, 327 (Mo. banc 1994); § 577.041.4. Unless all three of these questions are answered in the affirmative, the court must reinstate the person's license to drive. *Id.*; § 577.041.5. Because of the stipulation concerning the arrest, and the refusal, the only issue in this case was whether the arresting officer had reasonable grounds to believe the driver was driving while intoxicated.

Section 577.041.4(2)(a) requires a determination of whether the arresting officer had reasonable grounds to believe that the individual was driving while in an intoxicated condition. "Reasonable grounds" and "probable cause" are virtual synonyms. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992). This was a hearing in a civil breathalyzer refusal and administrative suspension case, and not a hearing in a criminal DWI case; therefore, there was no requirement of

proof beyond a reasonable doubt. Rather, the issue was whether the Director presented evidence showing that the officer possessed probable cause to believe that Edmisten was driving while intoxicated. See *Id.* at 244. "Although mere suspicion is insufficient to establish probable cause, absolute certainty is not required." *Id.* at 243. The test for probable cause is satisfied "when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it." *Id.* at 242. The court stated:

> Probable cause is evaluated from the vantage point of a prudent, cautious, and trained police officer at the scene at the time of arrest. In examining the existence of probable cause, courts consider the information possessed by the officer before the arrest and the reasonable inferences drawn therefrom. To form a belief amounting to probable cause, the arresting officer need not possess all the information concerning the offense and the arrestee's participation in it.

*Id.* at 243 (citations omitted).

### Analysis

■ The Director argues the following facts supported the probable cause determination: (1) Edmisten was slumped onto the wheel of his vehicle through an entire cycle of stop light changes; (2) Edmisten's driving was erratic; (3) Edmisten had an odor of alcohol; (4) Edmisten's speech was slurred; (5) Edmisten's eyes were watery and bloodshot; (6) Edmisten acknowledged the drinking of alcohol; and (7) Edmisten refused to take the field sobriety tests. We agree.

While the cross-examination of the officer showed that the officer made no claim to omniscience, the cross-examination did nothing to diminish the substantial evidence of probable cause. The concept of "absolute certainty," on which the cross-examination was based, appears nowhere in the statute. *Id.* at 243. While there was evidence that the officer was not absolutely certain of Edmisten's intoxication, there was no evidence which undercut the probable cause determination.

■ Contrary to the trial court's view of the law, the refusal to take field sobriety tests *is* evidence of intoxication. *State of Missouri v. Myers,* 940 S.W.2d 64, 65 (Mo. App.1997). It is not essential that field sobriety tests be performed in order to show reasonable grounds. *Todd A. Brown v. Director of Revenue,* 85 S.W.3d 1 (Mo. banc, 2002); *Terry v. Director of Rev.,* 14 S.W.3d 722, 724 (Mo.App.2000). The fact that Edmisten refused the field sobriety tests provides absolutely no basis for ordering reinstatement of Edmisten's license.

The trial court was mistaken in stating that "the purpose of the field sobriety test is to provide the probable cause for believing that a driver is intoxicated." In *Brown,* the trial court reversed a revocation based upon testimony that the field sobriety tests (which the driver reportedly failed) were improperly administered. The Supreme Court agreed that the improperly administered field sobriety tests must be disregarded, but upheld the revocation on the basis of the remainder of the officer's observations. *Id.*

In *Brown,* it was uncontradicted that the driver made an illegal left turn, did not pull over immediately, crossed or hit the centerline, had watery, bloodshot eyes, smelled of intoxicants, and swayed or took heavy steps while walking to the police car. *Id.* In this case, Edmisten appeared to be dozing at the wheel, then drove erratically, denied that he had driven erratically, had an odor of alcohol, slurred his speech, admitted having some beers, refused to take

any tests, and initially refused to get out of the car. This evidence was uncontradicted. Officer Tomlin had reasonable grounds to believe Edmisten was intoxicated. *Wilcox,* 842 S.W.2d at 242.

### *Conclusion*

The trial court misapplied and erroneously declared the law. Moreover, the decision of the trial court was against the weight of the evidence. The decision of the trial court reinstating Edmisten's license is reversed. The revocation of Edmisten's license is reinstated.

LOWENSTEIN and NEWTON, JJ., concur.