STATE of Missouri, Appellant,

v.

Ann MATCHELL, Respondent.

No. ED 82408.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 27, 2003.

Jennifer A. Carton, Union, MO, for appellant.

Terry J. Flanagan, St. Louis, MO, for respondent.

GLENN A. NORTON, Judge.

The State of Missouri appeals the judgment granting Ann Matchell's pretrial motion to suppress evidence. We affirm.

## I. BACKGROUND

At a hearing on a motion to suppress, the State bears the burden of showing by a preponderance of the evidence that the motion to suppress should be denied. *State v. Olson,* 972 S.W.2d 359, 360 (Mo.App. E.D.1998). We will reverse only if the trial court's judgment is clearly erroneous. *Id.* If the trial court's ruling is plausible in light of the record viewed in its entirety, we will not reverse the ruling even if convinced that had we been sitting as trier of fact, we would have weighed the evidence differently. *Id.* We give deference to the trial court's factual finds and credibility determinations, reviewing them only to determine if they are clearly erroneous. *State v. Weddle,* 18 S.W.3d 389, 391 (Mo.App. E.D.2000).

Applying this standard of review, the following facts were presented to the trial court at the hearing on the motion to suppress. A search warrant was served and executed on a home in Franklin County and Matchell was arrested for attempting to manufacture methamphetamine. A search of Matchell's person incident to the arrest produced five syringes which were the subject matter of the motion to suppress before the trial court.

When the application was made for the search warrant, it was believed by the officers that the home was the residence of Charles Ervin. Matchell's name appears nowhere in the search warrant, in the application for the search warrant or in the affidavit in support of the application for the warrant. Prior to the execution of the search warrant, two confidential informants made a controlled delivery of psuedoephedrine pills, used in the manufacture of methamphetamine, to Ervin. The delivery took place in the driveway of the residence. The confidential informants were wired, so that any conversation between them and Ervin could be recorded.

The record is unclear as to whether Matchell was present at the residence when the confidential informants arrived. However, a detective from the Franklin County sheriff's office testified that Matchell's voice can be heard on the recording made from the wire on the confidential informants. The detective testified that Matchell's voice can be heard telling Ervin that someone may be in the woods. The detective testified that he was not listening to the recording as it was being made, but that he listened to it after it was produced. The record is unclear as to whether or not any of the detectives or officers heard the recording prior to Matchell being arrested. The recording was not presented as evidence at the hearing.

Following the controlled delivery of the psuedoephedrine pills, the search warrant was executed. One team of officers entered the basement area from the driveway while the other team entered the main floor of the home. Ervin was found in the basement along with the components for manufacturing methamphetamine. No components for the manufacture of methamphetamine were found upstairs. However, Matchell was found by the officers upstairs and placed under arrest. Upon searching Matchell's person incident to her arrest, the office found the five syringes, which were in her pocket.

Matchell filed a pretrial motion to suppress the evidence on the ground that the search incident to her arrest was unlawful. The motion to suppress was granted by the trial court.

## II. DISCUSSION

In the State's sole point on appeal, it contends that the trial court erred in sustaining Matchell's motion because evidence she sought to suppress was obtained through a search incident to a valid arrest upon probable cause. The State contends that the officers had probable cause to arrest Matchell because Matchell lived in the home, the home was owned by her parents and she was present at the time the confidential informants delivered the necessary ingredients for the manufacture of methamphetamines.

■ Pursuant to a valid arrest, an officer may search an individual's person and the area within the individual's immediate control and may seize items found if the items have evidentiary value in connection with the crime for which the individual is arrested. *State v. Williams*, 978 S.W.2d 454, 459 (Mo.App. E.D.1998). In this case, Matchell was arrested without an arrest warrant. A warrantless arrest is only valid if the officers have probable cause to make the arrest. *State v. Ware*, 793 S.W.2d 412, 414 (Mo.App. E.D.1990). Probable cause exists where the facts and circumstances within the arresting officer's knowledge, of which they have reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed and that the person being arrested is guilty of that offense. *State v. Ware*, 793 S.W.2d 412, 414 (Mo.App. E.D.1990). More than bare suspicion is required to support a finding of probable cause. *Id.* Probable cause must be determined on the basis of facts known to the arresting officer at the time of the arrest, not on the basis of facts learned later. *See Howard v. McNeill*, 716 S.W.2d 912, 915 (Mo.App. E.D.1986).

■ Clearly a crime was being committed in the basement of Matchell's home. Therefore, the real issue before the trial court was whether or not a reasonable person would believe that Matchell was guilty of that crime *at the time she was arrested.* The burden to convince the trial court that a reasonable person would believe Matchell was guilty rested with the State. If there is sufficient evidence to support the trial court's finding, we defer to that finding and ignore contrary evidence and inferences. *Ware*, 793 S.W.2d at 414.

It was not clearly erroneous for the trial court, from the scant evidence presented at the hearing, to find that a reasonable person would not believe that Matchell was guilty of the crime for which she was arrested. Nor was it clearly erroneous for the court to conclude that since her arrest was invalid, the search pursuant to that arrest was invalid and the evidence obtained therefrom should be suppressed. While *we* may not have drawn the same inferences from the evidence presented had we been sitting as the trier of fact, the

trial court's ruling is plausible in light of the record viewed in its entirety.

Point I is denied.

### III.   CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.