Sheila N. CAMPBELL, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. ED 85099.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 27, 2005.

---

1. All rule references are to Mo. Rules Civ. Pro.2004 unless otherwise indicated.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for appellant.

Charles E. Bridges, St. Charles, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue, State of Missouri ("Director") appeals the judgment of the circuit court reinstating the driving privileges of Sheila N. Campbell ("Campbell"). Director argues that the court erred in reinstating Campbell's driving privileges because the judgment was against the weight of the evidence and was not supported by substantial evidence. We reverse and remand.

Campbell's license was revoked pursuant to section 302.505 RSMo (Supp.2001). She filed a petition for trial *de novo* of the revocation. At trial, Officer Kirt MacManus testified that he responded to a call regarding a vehicle in the median at the intersection of Highway 40 and Highway N. The car was facing west. A county police deputy had arrived at the scene prior to Officer MacManus. When Officer MacManus arrived, he observed that the vehicle's motor was off. He testified that Campbell was in the driver's seat of the car and the keys were in the ignition. He also stated that the lights were still on in the car. Campbell testified that she had been at a party earlier in the evening, and she did not recall leaving the party. She was sleeping in her car in the driver's seat, and she woke up when Officer MacManus knocked on the window. According to Campbell, the motor was not running at the time, and the lights were off in the vehicle. She did not know how she got there, and she did not know if she drove there.

The trial court found that Officer MacManus did not have probable cause to arrest Campbell for driving while intoxicated or for an alcohol related traffic offense. Additionally, the court noted that it did not see evidence that Campbell was driving. The court ordered Campbell's driving privileges to be reinstated. Director now appeals.

In its sole point on appeal, Director argues that Campbell admitted she was operating the vehicle, and Officer MacManus reasonably concluded that Campbell

had been driving because she was alone in the driver's seat with the keys in the ignition, and he had been informed that the county deputy already at the scene had turned off the vehicle.

We affirm the judgment of the trial court unless it is against the weight of the evidence, it is not supported by the evidence, or it misapplies the law or erroneously declares the law. *Saladino v. Director of Revenue*, 88 S.W.3d 64, 68 (Mo. App.2002); (citation omitted).

Pursuant to section 302.505, a license shall be revoked if the arresting officer had probable cause to believe the person was driving a vehicle with a blood alcohol concentration of eight hundredths of one percent. Section 577.001.1 RSMo (2000) defines the term "driving" as "physically driving or operating a motor vehicle."

In the present case, the court noted in its judgment that there was no evidence of Campbell's driving. However, in the alcohol influence report, under the "interview" section, Officer MacManus marked Campbell's response as "yes" to the question, "were you operating the vehicle?" In her brief, Campbell argues that the report was not admitted into evidence. Based upon the record before us, we disagree. After the court took the case under advisement, *Director* moved to admit the report, among other documents, into evidence. Initially, counsel for Campbell argued that the evidence was closed. However, the court noted the parties had stipulated to some information contained in the police report. After some discussion, counsel for Campbell stated, "I won't object to it." Therefore, we are not persuaded by Campbell's argument that the report indicating

that Campbell admitted to operating the vehicle cannot be considered as evidence.

In addition to the evidence from Officer MacManus's interview with Campbell, there was significant circumstantial evidence to support Officer MacManus's belief that Campbell was driving. Director had only to prove that Officer MacManus had probable cause to believe Campbell was driving. *Saladino*, 88 S.W.3d at 70; (citing *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 621–22 (Mo. banc 2002)). It is not necessary that Officer MacManus see Campbell driving, but instead, he may rely upon circumstantial evidence of such to form a belief amounting to probable cause. *Id.;* (citations omitted). " 'Probability and reasonableness characterize the concept of probable cause. Probable cause is a fluid concept and, as such, turns on the assessment of the probabilities in particular factual contexts.' " *Id.;* (quoting *Cox v. Director of Revenue*, 37 S.W.3d 304, 307 (Mo.App. 2000)).

The evidence in this case, and the reasonable inferences therefrom support a finding that Officer MacManus had probable cause to believe Campbell was driving. Office MacManus testified a county police deputy was already on the scene when he arrived, and the deputy informed him he had turned off the vehicle[1]. Officer MacManus observed the vehicle in the median between the east and west-bound lanes of Highway 40. According to Officer MacManus, Campbell was in the driver's seat, and the keys were in the ignition. It is a logical inference from this circumstantial evidence that Campbell drove the vehicle there. Campbell did not contradict this evidence. She testified she had been at a party, but did not remember leaving.

---

**1.** Campbell argues that an initial objection to this testimony was sustained, and therefore, this evidence cannot be considered. However, Officer MacManus's subsequent testimony regarding the county deputy's information was not objected to, and no relief was requested after such testimony was provided.

Campbell was unsure how she got to the median and she did not know whether she drove there. She did not testify that she was not driving.

The Missouri Supreme Court faced a similar case in *Cox v. Director of Revenue*, 98 S.W.3d 548 (Mo. banc 2003). In *Cox*, the driver was found sleeping or unconscious in the driver's seat of a parked car in a parking lot. The keys were in the ignition, and the motor was running. The interview form completed by the police officer indicated that Cox responded "yes" to the form question of "were you operating the vehicle." Cox's driving privileges were suspended. After a trial *de novo*, the circuit court ruled that Cox's driving privileges were improperly suspended, and reinstated the privileges. The Supreme Court reversed and remanded, finding that where the key was in the ignition, the engine is running, and the person is behind the wheel, the officer had probable cause to believe Cox was operating the vehicle, even though he was sleeping. *Id.* at 550.

Here, there was evidence that Campbell's vehicle was stopped in the median between two lanes of the highway. As the driver was in *Cox*, Campbell was in the driver's seat with the keys in the ignition. Although there is some dispute as to whether the car was running, Office Mac-Manus testified that he was informed it was. Additionally, in *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App. 1992), the court determined that in evaluating probable cause, even when the vehicle's engine was not running, other circumstantial evidence could supply the "driving" and "while" elements of driving while intoxicated. In *Wilcox*, an officer observed a vehicle parked in a lane of the highway. Wilcox was in the driver's seat of the car, asleep. The keys were in the ignition; however, the vehicle was not on. The court found that based upon the facts that Wilcox's vehicle was in the lane of a highway, Wilcox was alone in the vehicle and sitting in the driver's seat, behind the wheel, and the key was in the ignition, reasonable grounds existed to believe Wilcox drove the vehicle to the location. *Id.* at 244. Based upon "practical considerations," it was unreasonable to believe that someone else had driven the car to the location, left and Wilcox then sat in the driver's seat and slept. *Id.* The court stated that "[r]easonable probabilities favor the belief that Mr. Wilcox's intoxication while driving caused him to stop the vehicle in that location." *Id.*

As in *Wilcox*, here, Campbell was found in the driver's seat, behind the wheel, and the key was in the ignition. The vehicle was in the median between two lanes of the highway. Given these facts, it is unreasonable to believe that another person drove Campbell's vehicle to the median, left her in the car, and Campbell sat in the driver's seat and slept. Regardless of whether the engine was, in fact, running at the time the officers arrived at the scene, the evidence supports the belief that Campbell was driving while intoxicated and stopped her car at the location as a result of her intoxication.

Based upon the evidence in the record before us, Officer MacManus had probable cause to believe that Campbell was operating the vehicle, and therefore the trial court erred in its judgment reinstating Campbell's driving privileges.

The judgment of the trial court is reversed and the cause is remanded with directions to enter a judgment reinstating the revocation of Campbell's driving privileges.

MARY K. HOFF, P.J., and PATRICIA L. COHEN, J., concur.