# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1173

_____

Sonia Kuessner

*Plaintiff - Appellant*

v.

Justin Wooten

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 22, 2020
Filed: January 28, 2021

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

Sonia S. Kuessner sued officer Justin Wooten under 42 U.S.C. § 1983 for unreasonable seizure in violation of the Fourth Amendment. The district court[1] granted summary judgment to Wooten. *Kuessner v. Wooten*, 2018 WL 6788602, at

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

*6 (E.D. Mo. Dec. 26, 2018). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

In the early hours of October 23, 2016, a Scott County officer stopped Mitchell Wood's Chevrolet Tahoe for a broken headlight. Sonia Kuessner was in the car with him. Wood was arrested by officer Justin Wooten.

Police told Kuessner they would release Wood if she produced a money order. The Scott County officer told her where to get a money order in a neighboring town. She returned to the police station just before 4:00 a.m.

Kuessner informed the dispatcher she was there to pick up Wood. The dispatcher told the on-duty officer, Wooten, that a woman was there for Wood. Wooten confronted Kuessner in the lobby, standing by herself. Only one other person—a man—was sitting across the room. As shown by Wooten's bodycam, Kuessner had keys in her hand. He asked if she had been drinking. She admitted having "a couple of drinks." He asked her to take a preliminary breath test. She declined. He arrested her. The encounter lasted about 20 seconds.

Kuessner sued, alleging a Fourth Amendment violation. Wooten moved for summary judgment. The district court granted it on qualified immunity grounds. Kuessner then moved under Fed. R. Civ. P. 59(e) and 56(e)(1) to amend the judgment and supplement new evidence. The district court denied the motions.

## II.

This court reviews de novo the grant of summary judgment, viewing the facts most favorably to the nonmoving party. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). This court affirms if there is "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a).**

This court reviews for abuse of discretion both a Rule 59(e) motion to amend a judgment and a Rule 56(e)(1) motion to introduce new evidence. *DG & G, Inc. v. FlexSol Packaging Corp.*, 576 F.3d 820, 826 (8th Cir. 2009); *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

III.

Qualified immunity shields government officers from civil damages liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An official is not entitled to qualified immunity if (1) the plaintiff demonstrates the violation of a constitutional right, and (2) that right was "clearly established" at the time of the official's alleged wrongdoing. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009), *citing Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The plaintiff has the burden to show that his or her right was clearly established at the time of the alleged violation. *Davis v. Scherer*, 468 U.S. 183, 197 (1984). *See also District of Columbia v. Wesby*, 138 S. Ct. 577, 591 (2018) ("Tellingly, neither the panel majority nor the [plaintiffs] have identified a single precedent—much less a controlling case or robust consensus of cases—finding a Fourth Amendment violation 'under similar circumstances.' "), *quoting White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam).

To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would [have understood] that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The state of the law at the time of the alleged violation must give officials " 'fair warning' their conduct was unlawful." *Sisney v. Reisch*, 674 F.3d 839, 845 (8th Cir. 2012), *quoting Hope v. Pelzer*, 536 U.S. 730, 741 (2002). There must be "precedent," "controlling

authority," or a "robust consensus of cases of persuasive authority." *Wesby*, 138 S. Ct. at 589-90 (internal citations and quotations omitted).

In determining whether an officer acted with probable cause, this court "examine[s] the events leading up to the arrest" and "then decide[s] whether these historical facts, viewed from the standpoint of an objectively reasonable officer, amount to probable cause." *Id.* (internal citations and quotations omitted). But an officer only has to have *arguable* probable cause to receive qualified immunity. *See Bell v. Neukirch*, 979 F.3d 594, 607 (8th Cir. 2020). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable." *Id.*

Here, the closest thing to "controlling authority" is *Wesby*, but it does not discuss the probable cause showing for a DWI arrest. *See Wesby*, 138 S. Ct. at 589-90. Kuessner does not cite any Eighth Circuit case considering probable cause under similar circumstances. Because there is no "precedent" or "controlling authority," this court looks for a "robust consensus of cases." *See id.*

IV.

Kuessner argues that a robust consensus appears in Missouri law. In Missouri, a person "commits the offense of driving while intoxicated if he or she operates a vehicle while in an intoxicated condition." **§ 577.010, RSMo 2016**. Kuessner argues that Wooten lacked arguable probable cause because he did not have enough information that Kuessner (1) was intoxicated and (2) had driven or operated a vehicle while intoxicated.

What constituted probable cause for a DWI arrest, however, was not "sufficiently clear" in October 2016. A survey of DWI cases in Missouri demonstrates that even if Wooten acted without arguable probable cause, existing law did not give him "fair warning" that his conduct was unconstitutional. *See Sisney*, 674 F.3d at 845.

Missouri police weigh several indicia of intoxication to decide whether an individual is intoxicated, including: bloodshot eyes, slurred speech, alcohol smell, difficulty walking, refusal to submit to a sobriety test, among others. *See, e.g.*, ***Edwards v. Dir. of Revenue***, 295 S.W.3d 909, 914 (Mo. App. 2009); ***Arch v. Dir. of Revenue***, 186 S.W.3d 477, 480-81 (Mo. App. 2006). No particular combination clearly establishes probable cause for a DWI arrest. *See* ***Rain v. Dir. of Revenue***, 46 S.W.3d 584, 588 (Mo. App. 2001) ("There is no precise test for determining whether probable cause existed; rather, it is based on the particular facts and circumstances of the individual case."), *quoting* ***State v. Clayton***, 995 S.W.2d 468, 477 (Mo. banc 1999).

Wooten arrested Kuessner based on three undisputed indicia: bloodshot eyes, drinking admission, and refusal to take a breath test. By some cases, he had at least arguable probable cause. *See* ***Rinne v. Dir. of Revenue***, 13 S.W.3d 658, 661 (Mo. App. 2000) (probable cause—admitted to drinking and smelled like alcohol after a one-car accident); ***McFall v. Dir., Dep't of Revenue***, 162 S.W.3d 526, 532 (Mo. App. 2005) (probable cause—strong alcohol odor and glassy, bloodshot eyes); ***Flaiz v. Dir. of Revenue***, 182 S.W.3d 244, 248-49 (Mo. App. 2005) (probable cause— strong alcohol odor, watery and bloodshot eyes, slurred speech, failure to follow instructions, refusal to submit to sobriety tests); ***Findley v. Dir. of Revenue***, 204 S.W.3d 722, 727-28 (Mo. App. 2006) (probable cause—refusal to take a breath test, along with other indicia of intoxication). *Cf.* ***Schaffer v. Beringer***, 842 F.3d 585, 592 (8th Cir. 2016) (arguable probable cause—watery eyes, flushed face, alcohol odor, and friends' drinking admissions) (applying South Dakota law).

Other cases, however, indicate Wooten did not have arguable probable cause. *See* ***Cain v. Dir. of Revenue***, 130 S.W.3d 1, 3-7 (Mo. App. 2004) (no probable cause—glassy eyes and refusal to take a field sobriety test); ***Stolle v. Dir. of***

*Revenue*, 179 S.W.3d 470, 472 (Mo. App. 2005) (no probable cause—alcohol odor, improperly-administered field sobriety test, and drinking admission).

These disparate cases did not give Wooten fair warning that arresting Kuessner based on bloodshot eyes, a drinking admission, and her refusal to take a breath test was unconstitutional.

Kuessner relies heavily on *Rocha v. Director of Revenue*, 557 S.W.3d 324, 327-28 (Mo. App. 2018). Because *Rocha* was decided two years after Kuessner's arrest, it could not clearly establish the law at the time of Kuessner's arrest in 2016.

B.

Kuessner contends that because Wooten did not see her driving or operating a vehicle, he did not have arguable probable cause.

It was clearly established that Wooten did *not* have to see her driving to arrest her. *See **United States v. Winarske***, 715 F.3d 1063, 1067 (8th Cir. 2013); ***Saladino v. Dir. of Revenue***, 88 S.W.3d 64, 70 (Mo. App. 2002); ***Routt v. Dir. of Revenue***, 180 S.W.3d 521, 524 (Mo. App. 2006). He was entitled to rely on circumstantial evidence. *See **Saladino***, 88 S.W.3d at 70. However, Missouri law is unclear about *what* Wooten had to observe to make the arrest.

If the officer does not observe the suspect driving or sitting in a vehicle, there is no bright-line rule about probable cause. *Compare **Bouillon v. Dir. of Revenue***, 306 S.W.3d 197, 201-02 (Mo. App. 2010) (probable cause—drunk individual standing outside the car but admitted to driving from friend's house), *with **Domsch v. Dir. of Revenue***, 767 S.W.2d 121, 122-24 (Mo. App. 1989) (no probable cause— officer found intoxicated man an hour and forty minutes after he had been in a car accident, although he was drunk and alone in restaurant that did not serve alcohol, with his car parked outside).

If the officer finds the suspected individual in a car, but not driving it, the law is complicated. The Supreme Court of Missouri held that, when an officer finds an unconscious or sleeping individual in a motionless vehicle, the officer has probable cause that the individual is operating the vehicle if he is sitting behind the wheel, the key is in the ignition, and the engine is running. *Cox v. Dir. of Revenue*, 98 S.W.3d 548, 550-51 (Mo. banc 2003).

Within two years after *Cox*, however, the Missouri Court of Appeals held that the engine does not necessarily have to be running. *Campbell v. Dir. of Revenue*, 172 S.W.3d 476, 479 (Mo. App. 2005) (probable cause—suspect passed out in a car parked in a median with the key in the ignition, regardless of whether engine was running). *But see State v. Chambers*, 207 S.W.3d 194, 197 (Mo. App. 2006) (likely no probable cause—suspect slumped over steering wheel with keys in ignition, engine not running) (at issue: sufficiency for reasonable doubt).

Even the suspect's location within the car can affect the probable cause determination. *Compare Harper v. Dir. of Revenue*, 279 S.W.3d 251, 257-58 (Mo. App. 2009) (probable cause—drunk driver found alone in passenger side, with engine running and lights on), *with Bain v. Wilson*, 69 S.W.3d 117, 121 (Mo. App. 2002) (no probable cause—drunk man alone in vehicle sometime after accident), *overruled on other grounds by Verdoorn v. Dir. of Revenue*, 119 S.W.3d 543 (Mo. banc 2003), *overruled by White v. Dir. of Revenue*, 321 S.W.3d 298 (Mo. banc 2010). *Cf. Cox*, 98 S.W.3d at 552-53 (Wolff, J., dissenting) ("The next time an intoxicated person . . . is moved to start a car engine for comfort, perhaps he should then crawl into the back seat for his sobering slumber.").

These cases provided no fair warning to Wooten that his conduct was unconstitutional. They did not clearly establish that he lacked arguable probable cause to believe Kuessner had been driving based on the available facts—arriving alone, at the remote station, early in the morning, keys in hand, to pick up Wood. The district court properly granted summary judgment to Wooten.

V.

After summary judgment, Kuessner moved under Rules 56(e)(1) and 59(e) to present new evidence and alter the judgment. Kuessner wanted to offer evidence about Wood's earlier arrest, that Wooten may have forged a signature on an affidavit (and then invoked his Fifth Amendment right about it). She also contended that the district court should amend its judgment because the alcohol smell was a disputed fact. The district court overruled the motions. *Kuessner v. Wooten*, 2019 WL 1469664, at *3 (E.D. Mo. Apr. 3, 2019).

The district court did not abuse its broad discretion in denying the motion to present new evidence of Wooten's alleged forgery. *See DG&G, Inc.*, 576 F.3d at 826. Wooten's conduct after Kuessner's arrest does not negate the undisputed facts *at the time of the arrest*. *See Bowden v. Meinberg*, 807 F.3d 877, 881-82 (8th Cir. 2015).

Likewise, the district court did not abuse its broad discretion in refusing to amend its judgment, because even if the alcohol smell was a disputed fact, it would not have changed the outcome of the case. *See Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1015-16 (8th Cir. 2012). As discussed in Part IV.A (which does not consider any alcohol smell), it was not clearly established that Wooten's conduct violated a constitutional right at the time of the arrest.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____